Rosetta Gravel, Paving and Improvement Co. vs. Adler.

No. 13,227.

ROSETTA GRAVEL PAVING AND IMPROVEMENT COMPANY VS. EDWARD
ADLER.

| 52 | 689 |
| d104 | 723 |

| 52 | 689 |
| 111 | 238 |

| 52 | 689 |
| 112 | 811 |
| 114 | 1008 |

## SYLLABUS.

1st. The right to file a transcript of appeal within three judicial days follow-
ing the legal return day, has become a rule of practice acknowledged by the
jurisprudence of the State which the Supreme Court will not disturb.

2nd. Where an appeal is brought before the Supreme Court from a judgment
upon a claim below its general appellate jurisdiction on the ground that the
action involved a contestation in the trial court of the plaintiff's claim as
being an illegal or unconstitutional tax, that fact must affirmatively appear
in the pleadings, or it will be dismissed.

### ON REHEARING.

Unless the question of the constitutionality or legality, *vel non,* of a paving tax
is involved in the controversy *as it presents itself here,* the court has no
jurisdiction where the amount in dispute is less than two thousand dollars—
differentiating City of Shreveport vs. Prescott *et als.,* 51st La. Ann., 1895.

APPEAL from the Civil District Court, Parish of Orleans. *St.
Paul, J.*

*Buck, Walshe & Buck* for the Plaintiff, Appellee.

*Dinkelspiel & Hart* for Defendant, Appellant.

The opinion of the court, on motion to dismiss, was delivered by
NICHOLLS, C. J.

On rehearing, by BLANCHARD, J.

### ON MOTION TO DISMISS APPEAL.

NICHOLLS, C. J. The plaintiff and appellee herein has moved to
dismiss the appeal for the following reasons:

1st. This court has no jurisdiction *ratione materiae* as appears by
the face of the record, the amount being insufficient to give this court
jurisdiction.

2nd. Even should this court have jurisdiction, the transcript of appeal was not filed on a return day, nor within three days thereof.

Appellant, in his brief, urges that the first ground assigned for a dismissal is untenable, being covered and controlled by the decision of this court in City of Shreveport vs. S. Prescott *et al.,* rendered in April, 1899.

Touching the second ground, he states that the appeal in this case was returnable on the first Monday in June, 1899, which was the 5th of June; that this court did not hold any session on that day, and not thereafter, until June 12th, 1899; that the appeal was lodged in the Supreme Court on June 13th; that Section 4 of Act No. 45 of 1870, E. S., p. 100, provides that when the court is not in session on the return day, it shall be sufficient to lodge the transcript of appeal within three judicial days after the first session thereafter; that in this case the record was filed on the second judicial day after the first meeting day and legally in time.

The plaintiff obtained judgment in the District Court against defendant for three hundred and sixty dollars and fifty-six cents, with interest from November, 1895, with recognition of its lien and privilege and right of pledge upon certain property of defendant described in a certificate attached to the plaintiff's petition, and condemning said property to be sold and the proceeds applied to the payment of the judgment.

The petition upon which this judgment was rendered recited that the plaintiff had entered into a contract for the paving of Gravier street, from Hagan avenue to Genois street, by virtue of Ordinance 10,496, and the provisions of the charter of the city, as would appear by a copy of said ordinance and of the contract made part of the petition; that defendant was a front proprietor of property on the lower side between Clark and Genois, within the limits of the contract, with a frontage as shown by the certificate of the City Engineer annexed to the petition; that the work had been completed by the plaintiff and accepted by the city, and the City Engineer and Commissioner of Public Works had issued to him certificates showing the completion of the work and the proportion of cost chargeable against such front proprietor, among others the certificate attached to the petition showing the proportion due by the defendant; that notwithstanding amicable demand, defendant refused to pay the amount due by him as his proportion of said work. In view of the premises, judg-

ment was asked against him for the same. Defendant filed several answers.

In the first he pleaded the general issue.

In the second answer defendant declared that he was not liable to the plaitntiff in the manner or form claimed, or in any amount whatever, because the so-called contract referred to in the petition was never legally made, some being contrary to the specifications submitted to the bidders and on the basis of which the bid of the plaintiff was made. In the third answer defendant declared that Section 3 of Act No. 73 of 1876 is violative of the Constitution of the United States and of the State of Louisiana; that it violates Section 1 of the 14th amendment to the Federal Constitution, in that it deprived petitioner of his property without due process of law; that it violated at the time of its enactment Article 110 of the Constitution of 1868 of the State, then in force, inasmuch as it purported to take property for purposes of public utility without adequate compensation; that if otherwise valid, which was denied, it became invalid by the adoption of the Constitution of 1879, because in conflict therewith and with Article 156 thereof, providing that private property should not be taken for public use without just and adequate compensation being made; that if the Constitution of 1898 can be considered as in any way affecting this case or the contract sued upon, that said act is ineffective because in conflict with the Constitution of 1898, Article 167.

Defendant prayed that plaintiff's demand be rejected, and Section 3 of Act No. 73 of 1876 be decreed unconstitutional.

The return day for the appeal was Monday, the 5th of June, 1899.

The Supreme Court did not meet on that day, nor any other day of that week, it being what is known as the off week or "working" week of the court.

The court met on the 12th of June, and the transcript was filed on the 13th.

This was in time.

In Wood & Roane vs. Wood, 32 Ann., 801, we said:

"The right to file a transcript of appeal within three judicial days following the fixed return day, has become a rule of practice acknowledged by the jurisprudence of the State, which this court will not disturb."

An examination of the allegations of plaintiff's petition shows that

Rosetta Gravel, Paving and Improvement Co. vs. Adler.

the objections urged against the contract on which the plaintiff declares, were that "it was contrary to the *specifications* submitted to the bidders, and on the basis of which the bid of the plaintiff was made."

It is true that in the third answer filed defendant attacks the constitutionality of Act No. 73 of 1876, but what connection that act has with plaintiff's claim does not appear.

The contract annexed to the petition recites that it was entered into under the authority of Act No. 119 of 1886. The constitutionality of that act is not contested, nor is it claimed that there was any departure by the Common Council in making the contract from the authority conferred upon it by that law.

Besides this, Ordinance No. 10,496, annexed to the petition, declares that the specifications of the contract were "in conformity to petition of property holders published as the law directs."

Under what circumstance that petition was filed does not appear.

As matters stand, the claim of the plaintiff is before us as one based upon an ordinary paving contract entered into by the Council, the claim being for an amount under our appellate jurisdiction.

It could only come before us on appeal on an issue of legality, or constitutionality, raised and determined in the lower court.

That such an issue was made and determined should appear by the pleadings.

There is nothing so appearing on the face of this record. The Prescott case furnishes no precedent for the present one.

The appeal must be dismissed, it not coming under our appellate jurisdiction.

The appeal is dismissed.


ON APPLICATION FOR REHEARING.


BLANCHARD, J. The judgment of the court heretofore sustained plaintiff's motion to dismiss the appeal on the ground that the court was without jurisdiction *ratione materiae*.

The application for rehearing is predicated upon the allegation of error in the judgment of the court, and as grounds therefor it is contended that the constitutionality of Act 73 of 1876 was attacked in the answer, and thus the constitutionality and legality of a tax was the issue presented here, and it is claimed that under the authority of

City of Shreveport vs. Prescott, *et als.,* 51st La. Ann. 1895, this court has jurisdiction.

The former opinion of the court held, and correctly so, that the Prescott case, *supra,* was not in point as an authority in the instant case.

Here the answer of defendant attacked only that part of Sec. 3 of Act 73 of 1876 which prescribes that the owner or owners of property upon which an assessment is due, under a paving contract, shall, in addition to the pledge on his or their property, be *personally* bound for the assessment.

Acts 113 and 119, respectively, of 1886, being statutes relating to the paving of streets later than that of 1876, are not assailed in the answer, nor is the constitutionality or legality of the paving ordinance and contract in question, or of plaintiff's assessment thereunder, challenged under the aforesaid statutes of 1886.

It seems that the paving contract in this case was predicated more particularly upon Act 119 of 1886, and that the Act 73 of 1876 is not drawn in question, except that the contract sued on declares that the contractors shall have a lien and privilege under Act 119 of 1886 "and all other laws on the same subject matter"—it being the contention that Act 73 of 1876, being on the same subject matter, thus becomes involved.

But the judgment of the court *a quo* seems to have sustained defendant's contention with regard to the Act of 1876 by expressly excluding in its decree any *personal* liability on part of the defendant, thus making the judgment, in effect, one *in rem* against the property.

Plaintiff has not appealed from this judgment and has not asked that the judgment must be amended here so as to charge defendant with personal liability.

It thus appears that the question of the constitutionality and legality of the paving ordinance contract, and assessment, so far as the Act of 1876 has any bearing on the same, is not in issue in the case before this court.

This being so, it is clear that the constitutionality and legality of no tax, toll, or impost is involved in the controversy as it presents itself here, and the amount being less than $2000, this court has no jurisdiction.

For these reasons it is ordered and decreed that the application for rehearing be denied.