The opinion of the court was delivered by
Nici-iolls, C. J.
The prayer of the plaintiffs is for a judgment against defendant for seven hundred and six dollars and thirty-one cents, with interest, with recognition of their lien, privilege and right of pledge upon the property referred to in the certificates annexed to their petition, or its proceeds, and decreeing that said properties be sold, and the proceeds applied to the payment of their claim against the properties.
*1889 The demand is based upon allegations that, in accordance with the charter of the City of New Orleans and the acts amendatory thereof, and under and by virtue of the provisions of ordinance No. 11,986, O. S., adopted by the City Council of the city of New Orleans on March 3,-1896, and previous proceedings as required by law, petitioner did, by act before Jos. D. Taylor, notary public and city notary, on March 14th, 1896, enter into a contract with the City of New Orleans to construct a brick sidewalk on both sides of Rendon street, from Canal street to Toulouse street, and all labor and work incidental and necessary thereto in accordance with the stipulations as contained in said act, a duly certified copy of which, and also of said petition, was filed.with his petition. That he had complied with his part of said contract and completed the construction of the sidewalk and other work thereon, and, in accordance with the specifications thereof, that the same had been accepted by the City of New Orleans, and accordingly the city engineer and Commissioner of Public Works had issued to petitioner certificates showing the proportion of the cost of said work due by each front proprietor upon said street.
That the said E. Ii. Chadwick was then and was still at the time of the signing of said contract and the doing of said work the owner and front proprietor of two certain properties on said Rendon street, one on the lake side, between Carondelet Walk and Toulouse street, and the other on the river side, between Customhouse and Bienville streets, and as evidence to represent the proportion of the cost of said work due by the said E. IT. Chadwick to petitioners and secured by lien and privilege upon his said properties, respectively, the city authorities aforesaid issued to petitioners their two certain certificates, both dated May 31st, 1897, showing the amount due by the said E. Ii. Chadwick on account of the aforesaid property to be the said sums, which certificates, under the law and the said contract, bore interest at six per cent, per annum from the date of same, until paid; and that in order to secure to petitioner their lien, privilege and right of pledge, which they had upon the aforesaid property for the payment of said respective amounts, they had caused both of said certificates to be recorded in the mortgage office of the Parish of Orleans.
The certificates annexed to plaintiffs’ petition were as follows:
City Engineer’s Office, City Hall.
New Orleans, December 9th, 1896.
*1890 This is to certify that S. D. Moody & Co., Limited, contractors for a brick sidewalk on both sides of Rendon street, from Canal to Toulouse street, as per ordinance No. 11,986, of the City Council, adopted March •3rd, 1896, have constructed certain work under their contract, .and that there is now due them by E. II. Chadwick for his 'portion of work done as itemized below, the sum of three hundred and nineteen and 14-100 dollars, with interest at the rate of six per cent, per annum from date until paid.
Lumber 1811.2 ft. B. M. at $32.50 per M....................$58 86
Brick sidewalk 109.6 sy. yds. at $1.09 pr. yd................119 46
Filling 113.8 cu. yds. at $1.19 per yd......................135 42
Drain pipe 24 lin. ft. at 25 cents pr. ft........................ 6 00
Total .................................................$319 14
City Engineer's Office, City Hall.
New Orleans, December 9th, 1896.
No. 12.
This is to certify that S. D. Moody & Co., Ltd., contractors for a brick sidewalk on both sides of rendon street, from Canal to Toulouse streets, as per ordinance No. 11,986, of the City Council, adopted March 3rd, 1896, have constructed certain work under their contract, and that there is now due them by E. II. Chadwick, for his portion of work done on Rendon (lake side) street, between Carondeleb Walk street and Toulouse street, as itemized below, the sum of three hundred and eighty-six and 31-100 dollars, with interest at the rate of six per cent. per annum from date until paid.
Lumber 184L8 ft. B. M. at $32.50 per M....................$59 85
Brick sidewalk 111.33 sq. yds. at $1.09 pr. yd................121 35
Filling 16Y.32 eu. yds. at $1.09 pr. yd......................119 11
Drain pipe 24 lin. ft. at 25 cents pr. ft...................... 6 00
Total .................................................$386 31
Defendant excepted that plaintiff had no cause of action, stated in the petition, specially because:
First — The law required the work to be sold to the lowest bidder, and the specifications did not afford a proper foundation for determining *1891 who was the lowest bidder, and much of the work was left to the discretion of the city surveyor.
Second — Because the specifications and the contract imposed obligations and expenses on the contractor and on the property owner unauthorized by law.
Third — Because the specifications and the contract provided that the property owner should pay for the work done directly in front of his property, and not that the whole cost of the pavement should be borne by the owners in equal proportion according to the running foot.
Fourth — Because the contract and the specifications provided that payments should be made by the owner on the completion and acceptance of every two blocks, whereas the law provided that payments should only be made on the completion of the whole work.
Fifth — Because the contract and specifications imposed expenses on the owner which were unauthorized by law, and left the doing of the work optional with the contractor.
Sixth — Because no one who had not a city license was permitted to bid for the work.
Seventh — Because the contract and the specifications provided that none but Iona fide resident citizens of New Orleans should be employed as laborers to do the work, and was a violation of the Constitution of the United States (Sec. 2, Art. V.) and other articles of the Constitution, and upon this question defendant specially prayed for the judgment of the court.
Eighth — The whole contract was one prepared for the contractors’ individual benefit, to despoil the property owners.
The defendant prayed that this peremptory exception be maintained; that judgment be rendered in his favor, and against the plaintiff; that all liens, privileges and mortgages inscribed against this defendant, and his property, be cancelled and annulled.
The court referred the exceptions to the merits.
Defendant then answered, pleading the general issue, and prayed for judgment as prayed for in the exception.
The court rendered judgment in favor of the defendant, and against the plaintiffs, rejecting their demand.
Plaintiffs, alleging that the judgment was contrary to 'the law and the evidence, prayed (especially in view of the decision of the Supreme *1892 Court in Barber Asphalt Paving Co. vs. John Watt, 51 Ann., 1345) for a new trial. A new trial was granted.
Defendant then, with leave of the court, filed an amended exception and answer, pleading that “the pretended ordinance, including the specifications alleged in plaintiffs’ petition, were violative of the Constitution of the State of Louisiana and the United States, especially of the 14th Amendment. This exception was referred to the merits. After a second trial the District Court rendered final judgment against the plaintiffs, and decreeing that all liens, privileges and mortgages inscribed against defendant and his property, be cancelled and annulled, especially those recorded in the mortgage office of the Parish of Orleans, in book 572, folio 510, and in book 319, folio 474. Plaintiffs appealed. The reasons assigned by the court for its judgment were: That “the plaintiffs sued the defendant on certificates of payment issued to plaintiffs by the Commissioner of Public Works and the city engineer. The certificates set forth the amount due by the defendant, being his proportion of a sidewalk in front of his property on Rendon street, between Carondelet Walk and Toulouse street. The certificates were made out in conformity with plaintiffs’ contract with the city, and were based on the measurement of each square of ground fronting on the street as completed, and defendant was called upon to pay his proportion, according to his frontage, of the total cost of the squares respectively where his property was situated. T^his was not his liability under the law. The statute, Act 113 of 1896, declared that the cost of paving should be borne by the owners of the property fronting on the pavements in equal proportion according to the running foot front. Barber Asphalt Company vs. Watts, 51 Ann., 1345.
Plaintiffs’ suit was not to recover on a quantum meruit what might be due him for work performed beneficial to plaintiffs’ property; the suit was upon the contract with the city and the certificate, neither of which complied with Act No. 113 of 1896.”
Opinion.
The contract for the construction of a brick banquette on both sides of Rendon street, from Canal street to Toulouse street, was one between the City of New Orleans and the plaintiffs, S. D. Moody & Co.
Plaintiffs alleged fhat they had complied with their part of the contract and all work and labor incidental and necessary thereon, and in *1893 accordance with the specifications thereof; that the same had been accepted by the city, and, accordingly, the city engineer and Commissioner of Public Works had issued to them certificates showing the proportion of the cost of said work due by such front proprietor upon said street.
That two of said certificates, showing the proportion due by the plaintiff and his property for the cost of said work, had been furnished to them.
On the trial of the case the only evidence introduced on behalf of the plaintiffs was the contract between themselves and the city; the two certificates referred to, and an ordinance of the City of New Orleans, of the 3rd of March, 1896 (No. 11,986), accepting the bid of the plaintiffs for the construction of the work.
The proceedings which led up to the ordering of the work, the ordinance directing it, and the facts connected with the acceptance of plaintiffs’ bid, are not in the record. The record is not in such a condition as, in our opinion, would warrant a final judgment in favor of the defendant and against the plaintiffs, except as to the claim of the plaintiffs for a personal judgment against'the defendant for work done upon their property. Under the decision of this court in Barber Asphalt Paving Company vs. Watt, 51 Ann., 1345, this portion of plaintiffs’ demand is not sustainable, and the judgment of the District Court, appealed from, in so far as it rendered judgment in favor of the defendant, against the plaintiffs, on that branch of the demand is correct, and it is hereby affirmed.
The certificates declared on by the plaintiffs do not furnish evidence against the defendant, either of the completion of the entire contract, or of the pro rata of the cost of the work for which defendants’ property is liable. We think that, in justice to all parties, we should follow the course pursued by this court in the case above cited, and change the judgment appealed from (except as to the extent that it has just been hereinbefore declared to be correct and affirmed) from a final judgment against plaintiffs to one of non-suit.
For the reasons assigned, it is hereby ordered, adjudged and decreed that the judgment appealed from, in so far as it renders final judgment in favor of the defendant, against the plaintiffs, upon plaintiffs’ demand for a personal judgment against the defendant, be, and the same is hereby affirmed. It is further ordered, adjudged and decreed *1894 except that as so affirmed, the judgment appealed from is hereby annulled, avoided and reversed, and plaintiffs’ demand is hereby dismissed as of non-suit.
Costs of appeal to be borne by appellee.