No. 13,565.

JOHN M. KELLY vs. CHARLES MENDELSOHN.

SYLLABUS.

1. Where porperty is pursued in enforcement of a local assessment, to secure which the statute grants the first lien, it suffices to proceed contradictorily with the man in possession as owner under recorded title translative of ownership.

2. And the purchaser at the sale which follows acquires a good title by the adjudication, for it is a proceeding *in rem*—one to enforce a *real charge,* a debt on the property irrespective of the person owning.

A PPEAL from the Civil District Court, Parish of Orleans—*Theard, J.*

*Denegre, Blair & Denegre,* for Plaintiff, Appellee.

Charles Mendelsohn, Defendant, Appellee, *in propria persona.*

*Charles F. Claiborne,* for Isidore Newman, Adjudicatee, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. The plaintiff is a street-paving contractor. The city of New Orleans advertised for bids for paving Tulane avenue. Plaintiff became a bidder and the contract was awarded to him.

Under the law authorizing this paving the abutting property became liable to three-fourths of the cost and the city the remaining one-fourth.

A special assessment against the abutting property for its proportion of the liability is authorized, and the statute declares that:—

"Such local assessment shall have a first privilege, superior to the vendor's privilege and all other privileges and mortgages." Act 119 of 1886.

The plaintiff executed his contract, laid the paving, the same was accepted by the city, and certificates were issued to him showing amounts due by the abutting proprietors according to the frontage of their respective holdings on the street.

Square of ground No. 725, in the First District of the city, fronted

on the paved street a distance of 281.57 feet. Title to this property was at the time in Samuel J. Hart and Helen H. Hart.

The city's certificate issued to the plaintiff, showing $743.71 to be due him by the Harts as proprietors of the square mentioned.

Subsequently, and before the Harts paid the debt, a mortgage which Judah Hart, their ancestor, had consented to on the property, was foreclosed, and at the sale defendant herein (Charles Mendelsohn) became the purchaser. He retained in his hand a sufficient amount of the purchase price to discharge the plaintiff's lien, which ranked the mortgage, and assumed payment of the debt.

He, thereupon, went into possession of the property under the sheriff's deed as owner.

He failed to settle with plaintiff and the latter brought the present suit, the object of which was to enforce his lien on the property.

In due course judgment was rendered in his favor decreeing recovery of the amount from defendant, recognizing the lien asserted and condemning the property to be sold to pay the debt.

Execution issued and at the sale which followed Isidore Newman became the adjudicatee.

He refused to take title, was ruled into court and after hearing there was judgment ordering him to comply with his bid.

He appeals.

His contention is that the title tendered him is not good and his objections to it are set forth at length.

These objections all relate to the alleged insufficiency of the title by which Mendelsohn held the property and of that by which the Harts and their immediate vendors held it.

They do not relate to any vices of form or matter in the proceedings which culminated in the adjudication of the property to him.

*Ruling*—It was the property itself that owed the debt to Kelly, the plaintiff. He proceeded to enforce his rights against it contradictorily with the man he found in possession as owner under a registered title translative of ownership.

The proceeding was one *in rem,* and the title Newman acquired is good even if there be defects in the title of Mendelsohn and the Harts— though, as to that, no opinion is expressed.

That such a proceeding as this is one *in rem* was so held in Barber Asphalt Co. vs. Watt, 51 La. Ann. 1346, and the fact that Mendelsohn,

by his assumption of the debt, incurred personal liability therefor does not alter the case.

The plaintiff could well proceed in the same suit against Mendelsohn on his personal assumption, and against the property in enforcement of the local assessment. This he did.

The property was sold in enforcement of the local assessment. The person asserting ownership and in possession as such under title record‐ ed was the only party the plaintiff could well proceed against in the matter of such enforcement.

He surely could not be expected to run down through the courts all the parties who ever owned the property, their heirs and assigns, in order to have it determined in whom the best title or legal title really is, and then proceed against such person.

It sufficed that he made party defendant the man in control of the property under an apparent title.

This is in strict accord with the doctrine announced in Rosetta Gravel Co. vs. Jollisant, 51 La. Ann. 804, where it was held that:—

"The lien and right of pledge resulting from a local assessment for street paving attaches to property of the abutting proprietor without reference to the person in whom title is actually vested, and proceedings taken against same for the enforcement of such lien and pledge, is one *in rem,* notwithstanding the title holder be cited for the purpose of carrying the same into effect."

Judgment affirmed.