# Decisions Court of Appeal, Parish of Orleans

No. 3312.

(Court of Appeal, Parish of Orleans.)

ROSETTA GRAVEL, Etc., CO. vs. MARIE BISSO.

1. Where property is pursued in enforcement of a local assessment, to secure which the statute grants a privilege, it suffices to proceed contradictory with the owner of record and in possession, as the proceeding is one *in rem*.
2. Free and direct access from the property to the street is the true test in determining whether or not the property abuts on the street.
3. The other defences raised herein have been repeatedly decided adversely to defendant's contentions.

Appeal from Civil District Court, Division B.

Dufour and Dufour, for Plaintiff and Appellee.

B. R. Forman, for Defendant and Appellant.

DUFOUR, J. This suit to recover the amount of a claim for street paving is resisted on various grounds.

1st. That the property is community, not paraphernal, and hence defendant cannot stand in judgment.

2nd. That the gravel was not laid on the street in front or abutting the property.

3rd. That the certificate upon which the suit is based is issued by one who was not City Surveyor at the time the work was done, and who was an assistant not legally authorized to sign a certificate,

4th. That the contract was made on illegal terms, the property-holders portion to be paid cash and the City's on terms of credit.

5th. That interest cannot be allowed previous to the issuance of the second certificate, the first being illegal and no money being due until a legal certificate issued.

I.

The suit was originally brought against the defendant as a sin-

gle woman, but subsequently her husband was cited to assist her; considering that the property stood on the public records in the name of the defendant, and that the proceeding is one *in rem*, the plaintiff was not bound to make an examination of the title and was warranted in proceeding against the owner of record.

51 An. 804, 105 La. 490.

2.

In 1836, the owner of the tract of land here in question sold lots and squares by reference to a plan on which a space of ground was indicated as a market place in the center of the streeet known as Broadway.

It is urged on the one hand that the City accepted the dedication by an ordinance in 1885 directing the City Surveyor to prepare a plan for a market on the site, and that such dedication was never and could never be done away with by the Council.

It is urged on the other hand that, as no market was ever built, the dedication was not accepted, and even if it had been, the City had the right to change the destination from one public use to another.

We do not deem it necessary to enter into any abstract discussion as to the rights and duties of the City in the premises.

The pertinent facts are that it did not build a market and it did order the paving of the street which was done in accordance with specifications adopted by the authorities. If the change of destination be illegal, it concerns the heirs and assigns of the original grantor who do not appear to have objected, and not the defendant whose sole concern is whether or not her property abuts on the paved street.

The effect of the City's action was to convert a space formerly figuring on the map as a market site between two streets known as North Market and South Market into a wider street known as Broadway, occupying the whole width and paved the middle. There is no intervening ownership between the property lines; the *whole* is a street and dedicated as such to the public use.

That only twenty feet should be gravelled, and in the middle, is just as effective as if the whole space were gravelled to constitute the defendant's property an abutting one. She has direct access to the street from her property, and such access is the true test in determining the question of abutment.

3, 4 and 5.

It is now settled that, where a certificate is erroneous, a second one may be issued, as is said by Counsel for plaintiff, "the old certificate of the City Engineer certifies to the correctness of the work and its acceptance by the City; the new certificate amends it only

92

to the extent that it corrects the lineal frontage and the calculations based thereon."

We, therefore, fail to grasp the force of the objection that the certificate must be issued by the party in office when the work was done, and we are clear that the new certificate is an official utterance based on public records which the incumbents of the office may legally issue.

In answer to the other objections it is sufficient to say that it is too late to urge illegality of contract when no protest was made at the time of its execution, that the presumptive correctness of the certificate as to amount has not been rebutted, and that interest runs from the time the debt became due. The re-apportionment by the new certificate merely reduces the amount of the claim on which interest is due, as described in the original registered certificate, and it does not appear that at any time the defendant offered to pay any particular amount. Her contention was that she owed nothing; in this, she erred, and her property is liable for the assessment.

Judgment affirmed.