Statement of the Case.
MONROE, C. J.
Counsel for defendants (appellants) state the ease which is here presented to the court, in part, as follows:
“Under the authority granted to towns of the class of the town of De Bidder, by Act 147 of 1902, the mayor and board of aldermen, on March 22, 1913, adopted Ordinance No. 101, providing for the construction of cement sidewalks on several streets of the town, and among them, the west side of Warren street, from Bilbo street to the north side of lot 8 of the Brice subdivision. The property owners did not petition for this improvement, but the initiative was taken by the town. The ordinance was published for the length of time required by-law, and, after the expiration of the legal delays, the town let the contract for the construction of the walks to De Latte & Lagrange, the lowest responsible bidders. The contract was let on May 5, 1913. The walks on the west side of Warren street were constructed by De Latte & Lagrange, and the town, by Ordinance No. 107, adopted July 15, 1913, accepted the work and levied assessments on the abutting property to pay it. The defendants having refused to pay the assessments levied, respectively, against them, the mayor was authorized by the board of aldermen to bring these suits. The evidence adduced on the trial of the cases was principally upon the two issues: (a) Whether or not the work was done in substantial compliance with the specifications and in a good and skillful manner ; and (b) whether or not the apportionment of the cost to the respective abutting properties was legally and correctly made.”
■Some testimony was taken concerning the character of the work. As to the apportionment of the cost, defendant’s counsel say in their brief:
“The total cost of the work, including the extra cost of the driveways, is $2,420.27. * * * It is this sum, and not the sum of $2,395.07, that should have been divided by the frontage— 2,276% feet — to ascertain the proportionate cost per front foot. $2,420.27, divided by 2,-2762/3, gives a cost per lineal foot of $1,063, plus. Multiply this average cost per lineal foot by 70 — the number of front feet m Lewis’ first property — and you get an assessment of $74.41, instead of $74.85. Multiply the average cost per foot by 104% — the number of front feet of Lewis’ second property — and you get an assessment of $110.91, instead of $110.97. And the same method in the case of Wilson gives an assessment of $97.80, instead of $98.39. The net result of such method would have been a saving to Lewis of 50 cents and a saving to Wilson of 59 cents.”
Opinion.
[1] Defendant’s counsel, in their brief, assign as error: That'the district court erred in holding that the contractor had substantially complied with the contract and specifications ; that there was no fraud in the execution of the contract; that the “conclusive effect of the acceptance of the work by the town” was not defeated by such fraud; that the cost of the work had been correctly apportioned, and that the total extra cost of each driveway should have been charged to the particular property into which such driveways lead; and erred in granting a personal judgment against defendants, instead of granting a judgment purely in rem.
There is no allegation of fraud in the answers of the defendants. To the contrary, they each allege:
“That defendant has not, at present, sufficient information either to admit or deny that the work and construction alleged in plaintiff’s petition were performed in pursuance of said alleged contract and the specifications thereunder, or in a good and skillful manner; but that defendant has information to the contrary, and therefore denies that the work and construction were performed in substantial compliance with the specifications of the said alleged contract and in a good and skillful manner.”
In view, then, of the admissions made in their statement of the case, we are of opinion that nothing is disclosed which destroys the “conclusive effect of the acceptance of the work by the town.” Kelly v. Chadwick, 104 La. 719, 29 South. 295; Town of Minden v. Glass, 132 La. 937, 61 South. 874; 28 Cyc. p. 1137; People ex rel. Raymond v. Whidden, 191 Ill. 374, 61 N. E. 133, 56 L. R. A. 905.
[2] Section 3 of Act 147 of 1902 declares:
“That the owners of real estate so abutting shall pay the entire cost of such work, on the basis of the respective frontage of the property on the sidewalk or curbing to be paved or improved."
*908 The provision thus quoted is predicated, we imagine, upon the idea that the owner of a particular lot does not limit his use of the sidewalk to that portion which lies immediately in front of his premises, but necessarily uses, with the same freedom and frequency, those portions which lie in front of the premises of his neighbors; hence, is equally interested with them in the establishment and maintenance of a sidewalk of uniform excellence; hence, also, though the laying of a sidewalk in front of a particular lot may be more expensive than similar work in front of other lots, there is no sufficient reason why the owner should be charged with the excess, since his neighbors, in the aggregate, make more use of his sidewalk than he. The matter of the driveways, however, presents a different question, for driveways are established exclusively for the benefit of the premises into which they lead, and, in so far as they break the uniformity of the sidewalks, are not infrequently a nuisance to all persons, not interested in such premises, who may have occasion to use the sidewalks. There is therefore nothing unreasonable in requiring that a person who asks that the sidewalk to be laid in front of his house be somewhat differently constructed from that which is to serve for other abutting proprietors be charged with the additional expense. Conceding, arguendo, that it is not within the law under which the assessment was made, we think that defendants are estopped to deny liability by their acquiescence, and we are further of opinion that, in this case, the matter falls within the rule de minimis, etc.
[3] It will be observed that the section which we have quoted, of the act under which the work here in question was done, provides that the owners shall pay for such work. Section 4 makes further provision to that effect, and also to the effect that the certificates which may be issued for the work shall, when recorded, be secured by privileges on the abutting property. Thus, we read:
“Sec. 4. * * * That the sum assessed against the real estate shall be due and collected within ten days after the completion of the work and its acceptance, * * * and, if not paid within ten days, the municipal authorities shall have the power to proceed by suit against the said owners and said real estate to collect the delinquent assessment,” etc.
It is true that, where the only statutory remedy is a proceeding in rem, an assessment cannot be recovered by a personal action, and it may very well be that a personal action will not lie against a nonresident for the recovery of an assessment against his property; but we know of nothing to prevent the General Assembly from authorizing the proceeding in personam, as well as in rem, as has been done in this instance, in so far as residents of the state are concerned.
In the case of Barber Asphalt Paving Co. v. Watt, 51 La. Ann. 1354, 26 South. 70, to which counsel for defendant refer, the court was dealing with a statute which refers exclusively to the city of New Orleans (Act 113 of 1886), and of which it was said:
“Act 113 of 1886 does not prescribe any personal liability,” etc.
We therefore find no error in the judgment appealed from, and it is, accordingly, affirmed.