No. 3378

Second Circuit

TOWN OF RUSTON v. ADAMS

(December 19, 1928. Opinion and Decree.)
(January 21, 1929. Rehearing Refused.)
(February 11, 1929. Writ of Certiorari and Review denied by Supreme Court.)

Barksdale, Warren & McBride, of Ruston, attorneys for plaintiff, appellee.

J. W. Elder, of Ruston, attorney for defendant, appellant.

ODOM, J. The defendant appeals from a judgment ordering him to pay to the Town of Ruston $651.20 as his pro rata charge for the paving of South Line street, said paving having been done by the town under the provisions of Act 187 of 1920 and Act 115 of 1922.

The facts, as they appear in the record, are that in the month of April, 1926, certain property owners presented a petition to the City Council reciting that they owned more than sixty per cent of the property fronting on South Line street, between Bonner and Vienna streets, in the said town, and asked that the town pave the same and that the work be done by the town without the formality of advertising for bids, and that the cost thereof be assessed ratably against the property abutting on said street.

Upon receipt of said petition, the town gave notice that such request had been made by publication in the local newspaper for more than thirty days, notice appearing in five consecutive issues of the paper. Not having received any protests or objections to the proposed paving, the City Council, on June 1, 1926, adopted Ordinance 219, ordering said street paved with reinforced concrete, in accordance with plans and specifications then on file, and ordering the Mayor to purchase the material and have the work done.

The paving was promptly done and accepted by the town, by Ordinance 228,

adopted by the Council on November 2, 1926, in which ordinance the Council assessed the costs of the paving against the abutting property in amounts proportioned according to the frontage on the street—the amount assessed against defendant's property being $651.20. On November 10, 1926, a certified copy of Ordinance 228 was filed and recorded in the mortgage records of Lincoln Parish, in which the said property is situated. The defendant failed and, on demand, refused to pay the assessment, and this suit by the town followed on March 22, 1927.

The lower court gave judgment for the Town of Ruston and against defendant for the amount assessed against his property, decreeing that said amount should constitute a lien and privilege upon the abutting property.

Counsel for defendant, in brief filed in this Court, assigns the following errors:

1.

A personal judgment cannot be granted against defendant for a property or tax lien.

2.

There is no evidence in the record that defendant is the owner of the property described.

3.

That there is no evidence in the record that the property described fronts on either South Line street or South Line avenue.

4.

That the petition of the taxpayers asked that South Line street be paved, whereas the notice published designated South Line "Avenue."

5.

That the recital in the petition for the paving that the petitioners owned more than sixty per cent of the abutting property is untrue.

6.

That Ordinance 228 assesses the amount against all of his property, whereas it should assess the amount against the front lots only.

7.

That all the ordinances relative to the paving should have been promulgated by publication, which was not done.

8.

That there was no evidence that South Line street was ever legally acquired by the town.

We dispose of these assignments in the order named:

1.

The judgment was not intended to be personal against the defendant in the sense that the town could collect more from him than the value of the property against which the lien was assessed. The action of the City Council in assessing defendant's property with the cost of paving was in the nature of a proceeding in rem. Whatever liability there may be in this regard must be restricted to the property affected with the lien.

Town of De Ridder vs. Lewis, 139 La. 903, 72 So. 447; Barber Asphalt Paving Co. vs. John Watt, 51 La. Ann. 1345, 26 So. 70.

The Town of Ruston can never pursue the defendant for any amount beyond that which may be realized from a sale of the property against which the lien is assessed. To avoid all doubt, the Court, we think, should have limited its judgment to one in rem only.

2 and 3.

Defendant, in answer, admitted that he owns property on this street. His answer recites "that the heirs of J. W. Williams and defendant own 50 per cent of the lineal frontage on said claimed street."

True, this allegation is followed by this: "Defendant denies that he owns any abutting property as claimed," but, construing the answer as a whole, it is evident that defendant did not intend to deny that he owned property on said street, and that the last quoted statement refers to his contention that as a matter of fact there was no street there, and, for that reason, he could own no property abutting upon it.

**4.**

The petition presented to the Council asks that said South Line street be paved, whereas the published notice specified "South Line Avenue." This deviation between the wording of the petition and that of the published notice did not prejudice defendant. There is no suggestion that there was a South Line street and a South Line avenue in Ruston. But, however, if there was, defendant was not misled because he stood by and saw the town paving the highway on which his property fronted and he made no protest or objection until this suit was filed, long after the work had been completed, and he had derived the benefits of the improvement, and only then, in defense of the action of the town to collect the assessment. If he had been in fact misled by the published notice, he had ample time in which to object after he saw the town paving the street.

**5.**

Defendant cannot now complain that the petition presented to the Council was not signed by property owners, owning 60 per cent of the abutting property. Notice of the application for the paving was published for more than thirty days. Act 115 of 1922 provides that: "after thirty days from the date of such publication or posting, all persons shall be barred from contesting the validity or sufficiency of the petition for improvement." Defendant offered no protest before the Council within thirty days or later against the validity or sufficiency of the petition. He is now forever barred from raising that point.

It was so held in McCutcheon vs. City of Shreveport, 157 La. 699, 102 So. 875, in which the Court said:

"Act 115 of 1922 is intended by the Legislature as a statute of repose and evidently has been enacted in the exercise of wise public policy."

The holding in this case was reaffirmed in McCutcheon vs. City of Shreveport, 160 La. 986, 107 So. 775. The Act itself, and these cases, are clear that the property owner must make his protest within thirty days "or forever thereafter hold his peace."

**6.**

The judgment establishes a lien on the property of defendant abutting the street. Defendant urges the point that the lien should operate only against the front lots.

In the case of Barber Asphalt Paving Co. vs. John Watt, 51 La. Ann. 1345, 26 So. 70, the Court held that the lien extends only to lots fronting on the street paved "of the usual dimensions, according to subdivisions in that part of the city; and where squares have not been subdivided into lots, then the lien extends to and embraces only as much of such squares fronting on the street paved, as is necessary to form a tier of lots fronting on the street of the usual width and depth."

There is no evidence or suggestion that defendant's property, as a whole, has ever been divided into lots, or that any of the other property along that street has been so divided, nor is there evidence showing the usual width or depth of lots in that vicinity, and, from our reading of

the description of defendant's property, we are unable to determine how far back it extends from the street paved. This point does not seem to have been raised in the court below. We would not be warranted in reversing the judgment on this ground.

7.

A sufficient answer to defendant's contention that all the ordinances relative to this paving should have been published in a newspaper is to state that neither Act 187 of 1920, nor Act 115 of 1922, require the publication of such ordinances. They do require that notice of the petition be given by publication and that was done.

8.

Defendant contends that there is no South Line street in Ruston, it not having been shown that the town ever acquired the land over which it runs by expropriation, purchase or dedication, the only three methods recognized by law.

The town did not expropriate or purchase the property for the street, and, it is settled, that it could not be acquired by prescription.

Bomar vs. City of Baton Rouge, 162 La. 342, 110 So. 497.

Defendant alleged in answer as follows:

"Defendant avers that the said claimed street has been used as a passage-way by sufferance for the past several years, on the part of your defendant and the heirs of J. W. Williams." .

Said use as a "passage way" did not, of course, convert it into a public street. But defendant's acts exclude any reasonable doubt that he intended to dedicate said "passage way" to the town for a public street. In April, 1926, the town published notice to all parties concerned that it had been requested to pave that passage-way and referred to it as a street. At the end of thirty days, or shortly thereafter, it took possession of, graded and paved it. This, of course, was open and aboveboard. Defendant was on the ground, but made no protest. He stood by, saw the town occupy the street and spend its money for the paving. He saw this work fully completed and knew it was accepted by the town and knew that the town would demand that the abutting property owners pay the cost. Demand was made upon him to pay his pro rata thereof—still he made no protest. He was never heard to say that this was not a street or that the town had no right to pave it, until he was sued for the cost. It does not lie in his mouth now to say that it is not a public street.

In the case of Bomar vs. City, supra, the Court held that an intent to dedicate cannot be inferred from mere silence, but said the Court:

"An entirely different situation might be presented if said owners had stood by and without opposition permitted the public authorities to lay out the road and to work the same as a public road."

The same applies to streets.

In the case of Degrilleau vs. Frawley et al., 48 La. Ann. 184 (195), 19 So. 151, 157, the Court said:

"A plain and positive intention to dedicate is an essential element of a dedication, and that intention must be shown by language, or acts so clear as to exclude any other reasonable hypothesis, or, at least, to clearly convince the judicial mind."

The defendant stood by and saw the town take possession of what defendant calls a "passage way," grade and pave it as a public street. This clearly indicates that he intended to dedicate.

Viewing the case as a whole, we think the defendant has, by his conduct, his silence and inaction cut himself off from making the defense which he urges.

Under the precise letter of Act 115 of 1922, if a property owner fail to protest within thirty days after the publication of the notice that paving is to be done, he cannot interfere with the progress of the improvement. If he cannot interfere with the progress of the improvement, for the greater reason, he could not defeat an action for the cost of the work after it is done.

Abutting owners, after receiving the benefits of said improvements, are estopped to complain of irregularities in the proceedings, and, where paving ordinances are not attacked prior to the performance of the work, they cannot be attacked in a suit to enforce the paving liens.

Clark vs. City of Opelousas, 147 La. 1, 84 So. 433; Barber Asphalt Paving Co. vs. King, 130 La. 788, 58 So. 572; Barber Asphalt Paving Co. vs. Gaar, 115 Ky. 334, 73 S. W. 1106; Mudge vs. Walker, 122 Ky. 29, 90 S. W. 1046.

In a Federal case, that of Moore vs. City of Yonkers, 9 A. L. R. 590, (235 Fed. 485), it was held, quoting from the syllabus:

"One whose property is assessed for a local improvement waives his right to relief from the assessment if he fails to appear before the tribunal provided by law for hearing complaints, and takes no steps to have the action of that tribunal reviewed by the courts in a direct proceeding.

"A property owner who stands by and permits a public improvement to be made to the benefit of his property, under authority of a tribunal having authority to levy an assessment, is estopped from raising objections which, if raised in time, would have rendered the assessment invalid."

The holding in this case is in line with the jurisprudence of the various states in the Union.

(See 25 R. C. L. 181-182.)

Plaintiff, on the trial of the case, offered in evidence the petition for paving, newspapers in which the notice was published and all the ordinances, together with a certified statement by the Clerk of Court and Ex-Officio Recorder of Mortgages showing that Ordinance 228, accepting the paving, had been recorded in the mortgage records of the parish, and rested its case. Defendant offered no evidence. There is no contention that the said street was not in fact paved. In view of the pleadings, the plaintiff made out a prima facie case by its offerings.

For the reasons assigned, it is ordered that the judgment appealed from be amended so as to make it operate in rem only, and as thus amended it is affirmed, with costs.