151 So. 197

GUARANTY MORTGAGE & SECURITIES CO., Inc., v. MILLSAPS.

No. 32188.

Oct. 30, 1933.

Rehearing Denied Nov. 27, 1933.

Hudson, Potts & Bernstein, of Monroe, for appellant.

Hakenyos, Provosty & Staples and Hakenyos & Staples, all of Alexandria, and Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

ST. PAUL, Justice.

Act No. 168 of 1926 (page 268) is a general paving and street improvement statute, applicable to all incorporated parish seats and to cities and towns having a population exceeding 1,000 (the city of New Orleans excepted). It provides that the municipal authorities may pave and otherwise improve the streets and alleys of the municipality, and that after charging a certain portion of the cost of such improvements against railroads occupying such streets, whether municipally or privately owned, "the abutting property owners shall pay for the balance of the cost of paving or other improvements, as herein provided, in proportion to the respective front footage of the properties owned by them and abutting on the street or alley to be paved or otherwise improved, as herein provided." Section 4.

I.

█ It has been uniformly held that statutes thus worded impose no personal liability on the owners of the property abutting on the street or alley paved or otherwise improved, and strongly intimated that any attempt to impose such personal liability beyond the value of the property would be of doubtful constitutionality. Barber Asphalt Paving Co. v. Watt, 51 La. Ann. 1345, 26 So. 70; Rosetta Gravel, Pav. & Imp. Co. v. Adler, 52 La. Ann. 693, 27 So. 183; Moody & Co. v. Chadwick, 52 La. Ann. 1888, 28 So. 361; Town of De Ridder v. Lewis, 139 La. 903, 908, 72 So. 447; Clade v. La Salle Realty Co., 144 La.

989, 81 So. 598; Town of Ruston v. Adams, 9 La. App. 618, 121 So. 661.

█ On the other hand, there is nothing which prevents the owner of such property or any other person from assuming personal liability for a local assessment thereon if he choose to do so in order to gain some advantage or for other reasons satisfactory to himself. Kelly v. Mendelsohn, 105 La. 490, 492, 29 So. 894.

II.

Section 8 of the Act No. 168 of 1926 provides that the amount assessed against the abutting properties shall be due and exigible immediately upon the passage of the ordinance or resolution of the municipal authorities accepting the work, and if same be not paid within 10 days the property assessed may be proceeded against at once for the amount of the assessment and 10 per cent. attorney's fee thereon.

But (section 9), "The governing authority of said municipality, however may provide in the ordinance accepting the work and making the assessment, that the property owners therein assessed, availing themselves of the privileges within ten days after the passage of the ordinance or resolution, may pay in cash ten per centum of the amount of their indebtedness and pay the balance thereof in nine (9) equal annual installments, and as evidence of such deferred payments, the property owners shall sign and execute nine (9) promissory notes, payable to the order of the municipality, each for ten per centum of the amount due by him, dated ten days after the passage of the ordinance accepting the work, maturing respectively on or before one (1) to nine (9) years, both inclusive, from date, or

sooner, at the option of the owner, bearing six (6) per centum per annum interest from date and ten per centum attorney's fees if placed in the hands of an attorney for collection after maturity, which said notes when paraphed by the municipal Clerk or Secretary to identify them with the ordinance levying the assessment, shall carry with them in the possession of any bona fide owner the lien and privilege above provided," and (section 10), "The assessments and the notes executed by the property owners, pursuant to the provisions hereof, may be transferred by the municipality without recourse to the contractor at their face value and such contractor or any of his transferees shall have and enjoy the lien, privilege and all other rights herein provided, accruing to the said municipality."

### III.

The city of West Monroe paved the street on which defendants' property abutted. On January 7, 1929, the city accepted said pavement and levied an assessment against said property. On the tenth day thereafter, to wit, on January 17, 1929, the defendant, rather than have his property proceeded against and seized and sold to satisfy said assessment and 10 per cent. attorneys' fees thereon, chose voluntarily to take advantage of the provisions of section 9, above quoted, and thereupon paid one-tenth of said assessment and executed his nine equal promissory notes for the other nine-tenths of said assessment payable seriatim from year to year, thereby escaping the city's peremptory right to the 10 per cent. attorneys' fees and obtaining a long extension of time for the payment of the assessment.

Thereupon the city, under section 10, above quoted, indorsed said notes in blank without recourse; and plaintiff is now the holder of said notes, having presumably acquired them from the contractor.

### IV.

As we said above, there is nothing which prevents the owner of property or any other person from assuming personal liability for a local assessment thereon if he choose to do so in order to gain some advantage or for other reasons satisfactory to himself. And it was manifestly advantageous, or at least satisfactory, to this defendant to assume personal liability for an obligation and thereby extending it over nine years rather than have his property seized and sold for the immediate payment of said obligation with ten per cent. attorney's fees added thereto at once.

Accordingly, we think the defendant is personally liable upon the notes which he signed, and plaintiff was at liberty to proceed either in rem against the property or in personam against the defendant. Kelly v. Mendelsohn, 105 La. 490, 492, 29 So. 894; City Sav. Bank & Trust Co. v. Wilkinson, 165 La. 386, 115 So. 629; Dixie Inv. Co. v. Player (La. App.) 149 So. 269.

### V.

The point is made that because the notes contain a clause declaring that they are payable (with interest and attorney's fees, if sued upon) "as per special paving assessment certificate attached hereto and made a part thereof," therefore the defendant incurred no personal liability because the paving assessment certificate itself imposed no personal liability upon him.

This is a non sequitur. True, the general paving law under consideration (Act No. 168 of 1926) imposes of itself no personal liability on the owner of the abutting property (section 8), but section 9 of said act clearly permits the owner to assume a personal liability, and, in our opinion, *requires* him to do so in order to obtain the benefit of the long extension of time granted by the statute if he consents to assign his notes for the amount of the assessment in order to prevent the immediate seizure of his property.

Moreover, a "promissory note" (and that is what the statute requires, and what the statute calls it) which imports no personal liability on the part of the drawer would be a legal anomaly, and contradictory of its own plain terms.

And further, if such a "promissory note" imports no personal obligation on the part of the drawer but is mere evidence of a right to proceed in rem against certain property, then the provision of the statute authorizing the municipality to transfer said promissory note "without recourse" is useless, a mere idle gesture as it were; for in that case the only right transferred by the municipality when it transferred such note would be the mere right to proceed in rem against the property, and the transfer of such a right "without recourse" would simply be a meaningless jumble of words; for the seller or transferor of any credit, claim, or right warrants only the existence of such right, claim, or credit at the time of the transfer, but in no case warrants the payment or satisfaction of the credit, claim, or right assigned unless he has specially agreed to do so. Rev. Civ.

Code, arts. 2646, 2647. Aliter, as to the indorsor of a "promissory note."

Accordingly, we think the trial judge was correct in giving judgment for plaintiff.

### Decree.

For the reasons assigned the judgment appealed from is affirmed.

LAND, J., dissents.

ODOM, J., dissents and hands down reasons.

ODOM, Justice (dissenting).

It is true, I think, that there is nothing in Act No. 168 of 1926 to prevent a property owner or any other person from assuming personal liability for a local assessment thereon for the cost of paving. But I cannot concur in the holding that the defendant in this case did assume such liability by signing the notes sued on. That was not the purpose of his signing the notes.

The purpose of the notes was merely to evidence a statutory debt or charge imposed upon the property itself to cover the cost of the paving. In the prevailing opinion it is said that, "It has been uniformly held that statutes thus worded impose no personal liability on the owners of property abutting on the street or alley paved or otherwise improved." But it is held that the property owner, who, in order to gain the privilege of paying this statutory debt or charge in installments, must make himself personally liable therefor. This, I think, was never contemplated by the Legislature. One of the purposes in making provision for these installment payments was to make the stat-

ute less burdensome on the property owner who is destitute of ready cash with which to pay a debt imposed upon his property, in some instances, without his consent. Another was to encourage property owners to consent to the making of such improvements. The municipality cannot initiate proceedings to pave and improve streets and alleys under this statute. It can proceed only upon the written petition of the owners of not less than a majority of the lineal front footage of the property abutting on the street or alley to be improved. As to the minority property owners, they have no choice. The municipality, with the consent of the majority, imposes the charge upon all the property according to the front footage.

It is conceivable that none of the property owners would consent to the paving if the total charges therefor had to be paid in one lump sum, in which event the municipality could make no such improvements. But as an inducement to the property owners to consent to the improvement, which is beneficial to the inhabitants at large, the municipality is authorized to permit these assessments to be paid in installments. Without such privilege, it is doubtful whether the property owners of small towns would ever consent to the making of such improvements. The Legislature realized that and this provision for the delay in making the payments was to encourage municipal improvements. In some of the older statutes, the property owners had only four years in which to make the deferred payments, but the one of 1926 allows nine years, which is an additional inducement.

It must be borne in mind that the debt or charge for the paving is levied or assessed against the property and not against the owner of it. The charge against the property may be paid by the owner in one lump sum within ten days after the passage of the ordinance accepting the work and making the assessment against the property. Or it may be paid in installments, 10 per cent. cash and the balance in nine years.

The act, in section 9, specifically provides that *"as evidence of such deferred payments,"* the property owners shall sign nine promissory notes, "which said notes when paraphed by the municipal Clerk or Secretary *to identify them with the ordinance levying the assessment,* shall carry with them in the possession of any bona fide owner the lien and privilege above provided." (Italics are mine.)

The notes are "evidence of the deferred payments" of the statutory charge against the property. The notes are tied to the ordinance levying the assessment by the paraph of the clerk. The notes and the ordinance must necessarily be read and construed together, and when so read and construed, it is manifest that the only debt contemplated is the statutory charge against the property itself.

The charge made against the property by the municipality admittedly does not constitute a personal obligation of the owner and the giving of notes to "evidence" that charge does not convert it into such.

None of the paving acts, beginning with Act No. 113 of 1886 and down to date, were so harsh as to compel the payment of the total charge for paving in one lump sum. The old acts all provide for the payment of a certain percentage of the cost in cash and the balance in "deferred payments," to represent which the municipality issued certifi-

cates. The property owners were given time in which to make the payments without request on their part. In the act of 1886, one-third of the cost was to be paid in cash and the balance in two equal installments. In a much later act, Act No. 147 of 1902, one-fifth was to be paid in cash and the balance in five equal annual installments. The deferred payments were to be evidenced by certificates issued and signed by the mayor.

The purpose of the Legislature in granting time to make these payments was to lighten the burden on the property owner, to give him a chance to save his property from sacrifice in case he was caught without ready cash.

It is inconceivable that the Legislature in adopting subsequent acts, such as Act No. 187 of 1920 and Act No. 168 of 1926, in which notes of the property owner instead of certificates by the mayor were to be given as evidence of the deferred payments, intended to make the burden heavier than it was under former acts. And yet that is the result if the property owner, in order to gain the advantage of paying the amount in installments, must assume personal liability for the paving charges.

In the former acts, the municipalities issued certificates evidencing the deferred payments. Under the acts of 1920 and 1926, certificates are not mentioned. But as evidence of the deferred payments, notes of the property owner are to be given. I think these notes were intended to subserve the same purpose as did the certificates under the older acts. They stand in lieu of the certificates, and when the property owner signs such notes, he assumes no personal liability but merely makes

an instrument which evidences the deferred payments.

I dissent.