TALIAFERRO, Judge.
This is a proceeding in rem to enforce against defendant’s property on Fourth Street in the City of Natchitoches, Louisiana, an alleged paving lien and privilege arising from the paving of said street in front of said property, the cost thereof being $634.93.
Plaintiff alleged that preceding said paving more than 60% of the abutting property owners, within limits named in the petition, including defendant with others, petitioned the City asking that said portion and other portions of said street be hard surfaced or “blacktopped”, at the cost of the abutting owners; that after said petition had been checked by plaintiff to determine its correctness and had been signed by the necessary number of property owners, the City ordered said street to be blacktopped; that the work was done in accordance with said petition, and on July 12, 1949, by ordinance, the work was accepted and a special tax or assessment of $3.802 per lineal foot levied against all of the property abutting Fourth Street, including defendant’s, as a means to pay the cost of the work.
*835 Plaintiff alleged additionally as follows, to-wit:
“Petitioner further shows that in the event there are any informalities in the method of levying-this paving lien and assessment against the property of Miss Alice M. Kile, then that the City is entitled to judgment against Miss Kile in the property hereinabove referred to on the basis of quantum meruit.
“That Miss Kile was one of the signers of the petition requesting that this property he blacktopped on Fourth Street; that she saw the work being done and made no complaint or protest whatsoever until the time came for her to pay for her pro rata cost of the said paving and blacktopping, and that she is now estopped from claiming any informalities in the method of levying the assessment or paving lien against this property. That a copy of the petition, signed by Miss Kile and the other property owners, is attached hereto and made a part hereof.” '
Amicable demand for payment and refusal by defendant to pay said amount is alleged.
Defendant in limine litis, prayed oyer of the following, viz: A certified copy of:—
■1. Ordinance or resolution of the City of Natchitoches accepting the petition of the property owners abutting Fourth Street;
2. Ordinance or resolution of the City of Natchitoches describing the contemplated improvement of Fourth Street and ordering the work done;
3. Of said advertisement;
4. Ordinance or resolution of the City of Natchitoches accepting the bid and ordering the work done;
5. The contract for the performance of the paving.
Answering the prayer for oyer, plaintiff confesses that it is impossible to produce the named instruments or copies thereof simply because they do not exist and have never existed.
Plaintiff further avers that a contract for the paving of 20 odd blocks in said City had been awarded to Campbell Construction Company, after advertisement, etc., and thereafter, without further ado, paving Fourth Street was simply “added to the original contract * * * at the same unit price”; that it was of the opinion that prior advertisement for bids to do this paving was unnecessary.
Following the filing of the answer to the prayer for oyer, defendant filed exceptions of no cause and no right of action. These exceptions were sustained and the suit dismissed. Plaintiff appealed.
The case tenders only a question of law. Act No.' 168 of 1926, LSA-RS 33 -.3351 et seq., is the law under which plaintiff acted in the prosecution of the paving program to which referred.
It is not denied, but on the contrary, admitted, that the provisions of the Act were not observed precedent to having the paving done in front of defendant’s property.
No bids were asked for by public advertisement as required by the Act, and, of course, the contract was not' in that manner, nor could it be, let to the lowest responsible bidder.
The admitted facts simply prove that the work was done pursuant to extension of the former contract by adding thereto that part of Fourth Street in front of defendant’s property. It, therefore, follows that the work was illegally done, and the contract under which the work was done was invalid for the reasons stated.
But plaintiff counters with the contention that as defendant signed the petition asking that the paving be done, and remained silent while it was being done, she is now precluded and estopped from contesting, challenging or opposing the City’s right to compel her to pay the cost of the work. To support this position the following cases, inter alia, are cited, to-wit: Town of De Ridder v. Lewis, 139 La. 903, 72 So. 447; Clark v. City of Opelousas, 147 La. 1, 84 So. 433; Village of South Highlands v. Lagier, 156 La. 150, 100 So. 287; Town of Ruston v. Adams, 9 La.App. 618, 121 So. 661
In the De Ridder case the court held that in the absence of fraud the acceptance by a *836 municipal corporation of paying done under a legal contract, is conclusive upon the owner of abutting property, as to the character of the work, in a suit to enforce payment of an assessment. It was also held in that case that no personal liability attached to such owner as regards the cost of the paving beyond the value of the property.
In the Clark case [147 La. 1, 84 So. 435] the paving involved was done under a perfectly legal contract which the court found had been almost literally complied with. The City was trying to 'escape payment of its own certificates on several alleged grounds. No property owner wa's complaining, it seems. The court said it was too late “after the work has been completed, and in large measure paid for, both the city and property owners having received the benefits thereof, for either of them to complain, and that the plea of estoppel, on that score, was properly maintained.” However, since in the case at bar the paving was done by a procedure utterly null and void, it is removed from the ruling in the Clark case where the paving was done after prior compliance with the legal requirements.
There was involved in the South Highlands case the question of proper advertisement for bids for paving work. It was held that after the work had been done, and assessments against abutting owners levied, this, question of advertising for bids could not be made the subject of inquiry by a property owner.
The Town of Ruston case held: That the fact that the paving was done on South Line Street, whereas published notice specified "South Line Avenue”, did not prejudice abutting property owner, since there was no such avenue in the Town as “South Line”, and that it was too late to raise this inadvertence in opposition to payment of assessment for costs of the work, long after it was completed.
It was also held in that case that abutting property owners are estopped to complain of irregularities in antecedent proceedings and to attack paving ordinances after the work has been completed. It will be observed that this ruling specifically refers to “irregularities in the proceedings” [9 La.App. 618, 121 So. 664], not to omissions, basic and fundamental in character.
Not one of these four cases i's believed by us to be controlling of the issue tendered in the present case. In each, a contract was let by the proper authority after advertisement for bids.
In support of her position that estoppel may not be successfully invoked against her, defendant cites and relies upon: Second Municipality of New Orleans v. Botts, 8 Rob. 198; Fayssoux v. Succession of Baroness De Chaurand, 36 La.Ann. 547; Barber Asphalt Paving Company v. Watt, 51 La.Ann. 1345, 26 So. 70; State ex rel. Wheless Inv. Company, Ltd. v. City of Shreveport, La.App., 142 So. 64.
Plaintiff does not seek personal judgment against defendant, but alleges that it has a lien and privilege on her property to enforce the cost of the paving work abutting it. Since there is no personal liability for the cost of such work, even when legally done, if it is found that the asserted lien and privilege, because of the failure to comply with sacramental provisions of the law, prior to the work being done, never came into existence, plaintiff is without a remedy to collect the cost of the paving, since we do not believe any relief is available ,to it through the alternative demand, that on quantum meruit. If it were otherwise, then that which may not be procured directly could be indirectly. No authority is cited by plaintiff to support its alternative demand.
Laws that provide for the coming into existence of liens and privileges are strictly construed, and where it is provided that they may arise only after the performance of certain definite acts by a governing authority, strict adherence to such requirements is mandatory as a condition precedent thereto. Here, one of the basic requirements of the City was that of letting the contract to the “lowest responsible bidder who can furnish satisfactory security”, after the required advertisement for bids to do the work had been complied with. This, it is admitted, was not done.
*837 Neither do we believe estoppel in a case, the facts of which are as disclosed herein, applicable. The case is stronger for defendant because of the fact that the rights of no innocent third person are involved.
The City itself seeks to recover and it was the 'City that failed to perform the necessary official acts to protect itself against loss in the consummation of the work.
As regards the significance of signing a petition by a property owner asking that certain public work be done, in State ex rel. Wheless Inv. Co., Ltd. v. City of Shreveport, La.App., 142 So. 641, 644, we said: “For one to sign a petition asking a municipality to do .certain things authorized by law certainly does not preclude the petitioner from thereafter contesting the legality of what is done pursuant to the petition. If that were true, property owners would be reluctant to petition for public improvements to be made.” *
Surely, one who signs such a petition assumes that if granted, the law applicable will be observed, and that the work will be done in a manner as directed by law.
For the reasons herein assigned, the judgment from which appealed, is affirmed with costs.