THE SECOND MUNICIPALITY OF NEW ORLEANS *v.* GEORGE A. BOTTS and another.

Owners of real estate in the second Municipality of New Orleans cannot be compelled to pay any portion of the cost of paving done in front of their property, unless such paving was directed to be done by a special ordinance of the Municipal Council, after notice given to those interested, that they might have an opportunity of opposing its passage. Stats. 8 March, 1836, s. 11 ; 20 March, 1840, s. 7. Ord. of 2d Municipality of New Orleans of 2 May, 1836. Where paving has been done on the mere order of the chairman of the committee on streets and landings, a subsequent ordinance providing for the payment for the work, though it may be considered a ratification by the council of the acts of the chairman, cannot bind those who had no opportunity of opposing the execution of the work by showing that it was unnecessary.

APPEAL from the Commercial Court of New Orleans, *Watts,* J. *Rawle,* for the appellants.

*G. B. Duncan* and *Preston,* for the defendants.

*L. C. Duncan,* for the intervenor.

SIMON, J. The object of this action is to recover of the defendants, the sum of $1447 26, with interest, being the amount of one-third of the cost of paving the street with stone, completed on the 6th of April, 1841, in front of lots belonging to the defendants. It is alleged in the petition, that the said paving, extending 322 feet 1 inch, in front of the lots on the north side of Richard street, between Constance and Magazine streets, was done by the plaintiffs *in conformity with their ordinances* ; that a duly certified account thereof is recorded in the office of the recorder of conveyances; and that the defendants have promised to pay the said sum of money. The petition prays, that judgment be rendered for the amount sued for, with privilege on the lots, &c.

The defendants answered by pleading the general issue.

During the progress of the suit, one Eliza Zellweger, a mortgage creditor of the defendants on the property described in the petition, obtained leave to intervene, to resist the pretensions and claims of the plaintiffs, and to unite with the defendants in endeavoring to defeat the demand. The grounds of opposition by her set up are : 1st. That the pretended claim of the plaintiffs is

founded on work alleged to have been done to property of the defendants, in virtue of ordinances of the Council, when in truth there never was any ordinance authorizing the particular work described in the petition, which, if ever done, was done in violation of law, and was not demanded by public convenience, utility, or necessity, but merely for private purposes to accommodate the proprietors of an adjoining cotton press.

2d. The judgment being asked by way of privilege on the property in front of which the work is alleged to have been done, the intervenor avers, that the same was mortgaged to her by an authentic act, passed on the 19th of March, 1840, to secure a loan of $18,000, and that to enforce said judgment by privilege, would injure the rights of the intervenor, who had no knowledge thereof, having been expressly advised to the contrary by the certificate from the mortgage office. She prays, that if there be judgment in favor of the plaintiffs, the privilege claimed may be disallowed and rejected.

The judge, a quo, being of opinion that there was no ordinance authorizing the work to be done, and that the property of the defendants cannot be assessed to pay for said work, rejected the plaintiffs' claim; and from that judgment, the plaintiffs have appealed.

The record contains an admission that the mortgage executed by the defendants in favor of the intervenor, was duly made before a notary, on the 19th of March, 1840; and that it appears from the certificate from the mortgage office of the same date, annexed to the mortgage, that there were no encumbrances recorded in said office against said defendants on the property described in the mortgage, and which is the same property in front of which the Municipality charge, in their petition, to have done the work for which that suit is brought.

The evidence shows that the paving was done *under an order of the chairman of the committee on streets and landings*, and has been paid for by the Municipality. The order alluded to is signed by the chairman, and orders the city surveyor "to proceed to pave Richard street as far as Magazine street, using the materials of the corporation." This order is dated, 26th of March, 1840.

It appears also, that by a resolution of the Council approved on the 22d of April, 1841, the treasurer was directed to pay the balance due to the contractor for having paved Richard street, between Magazine and Constance streets; and that a written description of the defendants' lots, with a statement of the cost for paving said streets, was duly recorded in the office of the register of conveyances, in accordance with the 7th section of a law of 1840, (B. & C.'s Digest, 131,) for the purpose of acquiring the privilege therein mentioned. This recording was made on the 17th of February, 1842.

A copy of an ordinance of the Council of the Municipality directing, that "*the committee on streets and landings shall be charged with the consideration of all subjects connected with paving, &c.*" adopted on the 2d of May, 1836, was also produced in evidence by the defendants, to show the authority of the chairman of the said committee in giving the order to pave Richard street; but the ordinance says, that "*the committee shall report thereon to the Council*," and it does not appear that any report was made to the Council on the subject in controversy, nor that the order given by the chairman to the city surveyor, was the result of any report of the committee adopted by said Council, or even of any action of said committee on the necessity of paving the street in front of the defendants' lots.

From this evidence, we are not prepared to say that the judge, *a quo*, has erred. By the 11th section of the act of 1836, (B. & C.'s Digest, p. 124,) each of the Municipalities therein created, is to have *the exclusive right to make all improvements to the streets*, public squares, wharves, &c.; and by the law of 1840 above referred to, it is provided, "that whenever the owner of any property, in front of which paving shall be done *by order of the Council of the Municipality* within which it is situated, shall fail to pay the third part of the cost of said paving, as he is bound to do by the existing laws, &c." Under these laws, and under those regulating the manner in which the streets of the city of New Orleans are to be improved and paved, it is manifest, that no street is to be improved or paved, or any other work done, which is to produce an assessment on the property of individuals, unless an ordinance has been passed by the Council for that pur-

pose, and unless notice has been previously given to those who may be interested. Indeed, if it were otherwise, it would result, as is very properly remarked by our learned brother of the Commercial Court in his judgment, that the property of individuals might be subjected to heavy assessments unnecessarily, and at the instance of interested persons, and by their intrigue. The law has left that part of the administration of the Municipality, exclusively under the control and discretion of the Council. It should be exercised within the strict and proper meaning of the law ; and nothing but an express and special ordinance of the Council, passed with a full knowledge of all the circumstances which may require its adoption, and after having given to those who may be interested, an opportunity of opposing its passage, can authorize the performance of the work, and the recovery of the portion of the cost which the neighboring proprietors are bound to contribute under the existing laws. Here, it is alleged in the petition, that the work was done in conformity with the ordinances of the Council, and yet no evidence has been adduced to show that such an ordinance was passed. The proof that the paving was done under an order of the chairman of the committee on streets and landings, is clearly insufficient to entitle the plaintiffs to recover. What authority had the chairman to order the work to be done ? Under what circumstances was the order issued ? The very ordinance, under which the committee derives its power *to consider all the subjects connected with the paving of the streets, &c.*, requires the committee *to report thereon to the Council ;* and we may fairly presume, that the object of this requirement was, that the Council may be enabled to obtain sufficient information upon which its ordinance may be founded, whenever it becomes necessary to pave a street, or to order any other work recommended by the report of the committee.

With regard to the ordinance authorizing the payment for the work, we agree with the judge, *a quo,* that it cannot sustain the plaintiffs' action. It may perhaps be considered as a ratification by the Council of the acts of the chairman of the committee and of the city surveyor ; but it cannot bind the defendants, who had no notice thereof, and who were deprived of the opportunity of opposing the performance of the work, by showing that it was

uncalled for by any of those who were to contribute, or that it was unnecessary.

*Judgment affirmed.*