## WALKER v. GEORGE et al.
### No. 4441.

Court of Appeal of Louisiana.
Second Circuit.

March 6, 1933.

Mabry & Carstarphen and Barksdale, Bullock, Warren, Clark & Van Hook, all of Shreveport, for appellants.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellee.

TALIAFERRO, Judge.

This is a suit to have canceled the registry of a purported paving lien against certain lots in the city of Shreveport, owned by plaintiff, for the reason that the copy of the ordinance accepting the paving and levying assessments against abutting property was not recorded in the mortgage records within the ten days required by section 4 of Act No. 187 of 1920.

On May 6, 1925, Mrs. M. E. George and Henry A. Bauman mortgaged to plaintiff, with other property, lots 14, 15, and the E. ½ of lot 13, lots 21, 22, 23, and the E. ½ of lot 24 of the Bauman Place subdivision, city of Shreveport. This mortgage was registered in the mortgage records of Caddo parish on May 8, 1925. Thereafter, the city of Shreveport caused Olive street, on which some of said lots fronted, from Gilbert street to Centenary boulevard, to be paved, and on June 22, 1926, accepted said paving and adopted proper ordinance fixing the liability of the lots abutting said paving, and of the owners thereof, for their proportionate part of the cost of the paving, and levied assessments accordingly. This ordinance was recorded in the mortgage records of Caddo parish on July 6, 1926, the fourteenth day after its passage by the city council.

In June, 1931, plaintiff foreclosed his mortgage by ordinary process. The mortgaged lots described above were in due course seized under fieri facias and advertised for sale, without benefit of appraisement, by the sheriff of Caddo parish, and at such sale plaintiff, the only bidder bid $500 for the property. This bid was received by the sheriff, but he declined to adjudicate or convey the property to plaintiff because a mortgage certificate of the clerk and recorder of the parish disclosed that said lots were affected by the paving lien hereinabove referred to. Plaintiff then provoked the present proceeding (a rule to show cause) to compel the sheriff to adjudicate the said property to him in pursuance of his bid, and execute formal act of conveyance thereto, and release same from the purported lien and privilege. The holders of the lien certificates, E. R. Mading and Mary Belle McKellar, were made parties also.

Plaintiff contends that as the ordinance accepting the paving on Olive street and levying the assessments against the abutting property was not registered in the mortgage records within ten days, as required by the statute, such registry did not have the effect of creating liens and privileges superior in rank to his mortgage, if it had any effect whatever.

Defendants, lien certificate holders, answered the rule and put at issue the legality of the paving lien in question.

Judgment was rendered in favor of plaintiff, ordering the sheriff to adjudicate the above-described lots to plaintiff, and to release lots 14, 15, and E. ½ of lot 13, from the paving lien asserted by defendants. Defendants have appealed.

The facts of this case, as far as the validity of the paving lien is concerned, are identical with those in the case of State ex rel. Wheeless Investment Company v. City of Shreveport et al., reported in 142 So. 641, decided by the Second Division of this court. The Supreme Court refused to review this court's ruling in that case, which, in effect, is tantamount to approving it.

In the present case, the paving lien was sought to be created under section 4 of Act No. 187 of 1920, whereas in the Wheeless Case, the city proceeded under authority of section 7 of Act No. 168 of 1926. The two sections are virtually the same.

It is now conceded by appellants and appellee that the Wheeless Case is decisive of the case at bar, and that this court should follow the ruling in that case as the law governing the present one.

■ ■ It appears that Mary Belle McKellar, one of the defendants, instituted suit against Mrs. M. E. George in the Caddo district court in the year 1932, on lien certificates for $316.47, against the east 50 feet of said lot 15, and on lien certificates for the same amount against the east 40 feet of lot 14 and west 10 feet of lot 15, and thereafter secured judgment for said amounts against Mrs. George, with recognition of the paving liens as security for payment of the certificates sued on. It is urged on behalf of Miss McKellar that this judgment is valid and binding against that part of the property owned by Walker, described therein, it having been regularly obtained against the then owner of the said property. This position is not tenable as against Walker, who was not a party to the suit and cannot be bound thereby. His mortgage was unaffected by the unseasonable recordation of the purported paving lien under which Miss McKellar held.

For the reasons herein assigned, the judgment appealed from is affirmed.