## COOK et al. v. LEMOINE et al.
### No. 4573.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1933.

Rehearing Denied July 15, 1933.

L. Percy Garrot, of Shreveport, for appellant Lemoine.

Aubrey M. Pyburn, of Shreveport, for appellant City.

Cook & Cook, of Shreveport, for appellees.

DREW, Judge.

Plaintiffs allege they are the owners of the southwesterly 90 feet of lot 9, block 22, of the John N. Howell subdivision in the city of Shreveport; that on October 22, 1929, they loaned to John E. Murray, the then owner of the above-described property, the sum of $8,000, which was secured by mortgage on said property, which mortgage was duly recorded on that date after they had examined the mortgage records and had a mortgage certificate issued upon the property which disclosed that the mortgage granted to them by John E. Murray was a first mortgage and the only incumbrance against the property at that time.

That subsequent to that date the city of Shreveport caused a paving ordinance to be recorded accepting paving upon Creswell street, upon which this property abuts, which ordinance is for the sum of $1,018.39, and which was recorded on November 12, 1929. That subsequently John E. Murray issued paving certificates for the work above described aggregating the sum of $814.70, which were recorded on December 4, 1929. They further allege that John E. Murray was unable to pay the mortgage note, interest thereon, or the taxes, and that plaintiffs paid the taxes and took subrogation therefor.

That John E. Murray has since deeded to plaintiffs the above-described property, with other property, in payment and satisfaction of the obligation secured by the mortgage and the obligation arising from the payment of taxes, and that although the deed recites a cash consideration, the only consideration was as herein set forth.

They further allege that Dr. A. Lemoine now holds the paving certificates above mentioned, and claims to have a lien and privilege upon the above-described property; they allege that Dr. Lemoine has no lien and privilege for the reason that the ordinance accepting the paving for which the certificates

were later issued, was passed by the commission council of the city of Shreveport on October 22, 1929, and was not recorded until November 12, 1929, more than ten days after its passage. That the paving was done under Act No. 187 of 1920, as amended by Act No. 115 of 1922, and that under the law, the ordinance of acceptance is required to be filed in the mortgage records within ten days after its passage. That the claim of Dr. Lemoine under said paving certificates operates as a cloud upon their title and that same should be canceled and erased from the records, and they so pray.

Dr. Lemoine filed an exception of no cause of action and no right of action. In answer he admits the ownership of plaintiffs in the property described. He admits the filing and recordation of the ordinance accepting the paving by the city of Shreveport was subsequent to the recordation of plaintiffs' mortgage. He admits that John E. Murray subsequently issued paving certificates and that Murray deeded the property to plaintiffs, but for lack of information denies the consideration as set out by plaintiffs. He admits that he is the holder of the paving certificates and denies that he has no lien and privilege. He admits that his lien incumbers plaintiffs' title and avers it to be a legal incumbrance and that plaintiffs are not entitled to have it erased from the records. He denies all other allegations of plaintiffs' petition, and further answering, avers that, although the ordinance accepting the paving was recorded more than ten days after its enactment, it was binding and effective as against John E. Murray and that plaintiffs acquired from Murray nothing more than his interest in said property, and the said ordinance and paving certificates, which were binding upon Murray, are likewise binding and effective against plaintiffs and they are estopped to deny the validity of said ordinance and paving certificates, as was Murray; that the acceptance by plaintiffs of a deed to said property from Murray, in payment of their mortgage, extinguished said mortgage by payment and confusion, and thereby made defendant's claim, lien and privilege, first in rank against said property.

That plaintiffs knew said paving had been laid and constructed in accordance with the law at the time their mortgage was secured; that they knew the ordinance in question had been passed or would be passed; that they knew the law required the enactment of said ordinance and that same would be recorded in the mortgage records of Caddo parish; and they knew, or should have known, that the said ordinance and paving certificates would be effective as against John E. Murray and would affect said property or a transfer of it to them. That plaintiffs made no objection to the paving or ordinance and paving certificates, although they had full knowledge of all the facts concerning same; that they thereby purchased the interest of Murray, such as it was, and are now estopped to deny the validity of said claim and lien of defendant; and that plaintiffs paid other assessments against lots 1, 2, and 3 of block 22 of the John N. Howell subdivision of the city of Shreveport for paving accepted under like circumstances without objection.

That the paving enhanced the value of the property to the amount of the paving certificates held by defendant, and that plaintiffs are liable for the payment of the certificates, or for the difference between the value of the property, before the paving was constructed, and afterwards, which difference exceeds the amount of said certificates. Assuming the position of plaintiff in reconvention, defendant avers that he is the owner of the certificates and notes, the manner in which he acquired them, and the tenor of same. He alleged the validity of said certificates and notes and that by virtue of being the holder and owner of same, he is entitled to have the property described herein seized and sold to pay and satisfy the certificates and notes for cash to pay that part already due and on terms of credit to pay the part not due.

He further avers that the city of Shreveport, by the sale of said certificates and notes, warranted the certificates to be good and valid, and were in all respects what they purported to be and would be paid according to their tenor, and that should the court hold that the certificates and notes are not a valid lien and privilege against said property and should be canceled and erased from the mortgage records, then the city of Shreveport is liable to defendant for the full amount of his claim, interest, attorney's fees, and costs, and is liable under its warranty to pay same to defendant, and that if not liable on this ground, it is liable to him in damages for the full amount of his claim, through its failure to comply with Act No. 187 of 1920, and any other laws of this state; that the city of Shreveport is a necessary party to this suit and is called in warranty to the end that it be made a party to this suit to defend defendant in his claim to a lien and privilege affecting the property herein described.

He prayed for the demands of plaintiffs to be rejected and for judgment in reconvention recognizing his lien and privilege as a first incumbrance against said property; that the property be seized and sold to satisfy his claim, lien, and privilege. That the city of Shreveport be called in warranty, and if defendant is cast in any amount, that he have judgment against the city for the full amount of his claim, certificates, and notes, with interest, attorney's fees, and costs.

By amendment to his reconventional demand, defendant prayed for judgment against plaintiffs in solido for the full amount of the certificates, including principal, interest, attorney's fees, and costs.

The city of Shreveport filed an exception of no cause and right of action to its call in warranty. It then answered, reserving all rights under its exception and that filed by Dr. Lemoine, and adopted almost in toto the answer filed by defendant Lemoine, and in reconvention alleged that if judgment were given to defendant against the city, then the city is entitled to recover against plaintiffs the reasonable enhancement in the value of the property resulting from the paving, and that the said enhanced value is equal to the value of the certificates, principal and interest, as above set forth. It denied that it is indebted to defendant in any amount. It prayed that plaintiffs' suit be dismissed; and in the alternative, if judgment is rendered in favor of Dr. Lemoine against the city, that the city have judgment against plaintiffs in the full amount of the certificates, interest, fees, and costs.

The exception of no cause and right of action filed by the city to the call in warranty was tried and overruled. The evidence offered on the trial of the case consists of the testimony of one of the plaintiffs, and an agreed statement of facts. Mr. S. M. Cook, one of the plaintiffs, testified that at the time they acquired the property from Murray, the property had been paved and they knew it and knew it had not been paid for; that they knew Murray had issued paving certificates and that the paving had enhanced the value of the property by $300. The statement of facts is as follows:

"It is stipulated between counsel for the plaintiff, the defendant and the warrantors, that the facts of this case are as follows:

"1. That the plaintiffs are the owners of the Southwesterly 90 feet of Lot 9, Block 22, of the John N. Howell Subdivision of the City of Shreveport, Louisiana.

"2. That on October 22, 1929, they loaned to John E. Murray, then owner of the property, $8000.00 in principal, secured by mortgage on the said property, which is recorded in Mortgage Book 186, at Page 163, of the Records of Caddo Parish, and which was recorded on the said October 22, 1929.

"3. That they examined the Mortgage records of Caddo Parish at the time they made the loan and had a certificate of mortgages issued to them showing no prior incumbrances to their mortgage at the time of its recordation.

"4. That on November 12, 1929, the City of Shreveport, Louisiana, caused an ordinance of the Commission Council of the said city to be recorded in Book 185, at page 147, in the amount of $1018.39, accepting the paving upon Creswell Street and claiming a lien therefor upon the property described in Paragraph 1 hereof.

"5. That subsequently, J. E. Murray, the owner, signed paving certificates in the aggregate amount of $814.71, which, on December 4, 1929, were recorded in Mortgage Book 178, at Page 441 of the Mortgage Records of Caddo Parish.

"6. That Murray defaulted in the obligations under the mortgage issued to Frank M. Cook and Sidney M. Cook and likewise, failed to pay the taxes upon the property, which were paid by petitioner and subrogations taken therefor, as recorded in Mortgage Book 198, at pages 400 and 401, of the Records of Caddo Parish.

"7. That J. E. Murray deeded the property above described together with other property to petitioners herein, in satisfaction of the obligation secured by the mortgage and the obligation arising from the payment of taxes.

"8. That the defendant, Dr. A. Lemoine, now holds the paving certificates signed by the said J. E. Murray and previously herein referred to.

"9. That Dr. Lemoine claims a lien and privilege upon the property described in Paragraph 1 hereof, for the payment of his claim.

"10. That the ordinance of the City of Shreveport, Louisiana, accepting the paving on Creswell Street, was passed by the Commission Council of the City of Shreveport, on October 22, 1929, and was recorded in the Mortgage Records of Caddo Parish on November 12, 1929.

"11. That Creswell Street was paved under the provisions of Act No. 187 of 1920 as amended by Act No. 115 of 1922.

"12. It is understood and agreed by and between all of the parties hereto that Dr. A. Lemoine purchased the paving notes and certificates described in Dr. Lemoine's answer, reconventional demand, and call in warranty, from the City of Shreveport; that he acquired them for value in due course, and before maturity; that when they were sold to him they were properly endorsed by the City of Shreveport, 'without recourse'; that the amount of said notes and certificates is set forth in Dr. Lemoine's answer, reconventional demand, and call in warranty."

On the record as thus made up the lower court rendered judgment in favor of plaintiffs ordering the cancellation and erasing from the mortgage records of Caddo parish, La., the ordinance of the city of Shreveport accepting the paving, and assessing the abutting property owners therefor, in so far as same affected the property of plaintiffs described herein; and further ordering the cancellation and erasure of the inscription of the paving certificates held by Dr. Lemoine.

It further granted judgment in favor of defendant Lemoine against the city of Shreveport, as warrantor, in the full amount of the paving certificates held by defendant Lemoine, together with interest, attorney's fees, and costs.

The city of Shreveport and defendant Lemoine both appealed from said judgment.

The decision of the lower court was no doubt based upon the dictum used by this court in passing on the issues involved in the case of State ex rel. Wheless v. City of Shreveport et al., 142 So. 641, 645, wherein the court said:

"Two indispensable things were necessary to the validity of the lien involved herein, viz.: (1) That the ordinance of the city should be passed accepting the pavement and making assessments, and (2) that it, or a copy, should be recorded in the office of the recorder of mortgages of the parish of Caddo within ten days from its passage. The failure to do the latter strikes the lien with nullity."

This statement was entirely unnecessary to a proper decision of this case and is purely dictum. The statement of the law above quoted is incorrect, as decided by this court, based upon the instructions from the Supreme Court in the case of City of Shreveport v. Urban Land Company, Inc., 146 So. 894. Under the authority of that decision a lien came into existence in favor of the city of Shreveport on the day the ordinance accepting the paving and making the assessment was filed for recordation in the office of the recorder of mortgages, and primed any lien or mortgage that was filed subsequently. If it had been filed for recordation within the ten days fixed by the statute, it would have primed any other lien, except taxes, whether said lien or mortgage had been filed prior thereto or subsequent thereto. Therefore, when the city filed the ordinance accepting the paving and making the assessment against the within described property of John E. Murray, it was a valid lien against said property. Plaintiffs' mortgage was filed and recorded prior to that time and, due to the fact that the ordinance was not filed within the ten days allowed by the statute, the lien acquired by such late filing only caused the lien to become one of lesser rank than the mortgage held by plaintiffs. It was nevertheless a valid lien, and plaintiff was without right to have same canceled and erased from the record. It therefore follows that the exception of no cause or right of action filed by defendant to plaintiffs' suit, and referred to the merits by consent, should have been sustained and plaintiffs' suit dismissed. The exception was not passed on below, even after the trial on the merits, to which it was referred, and has not been urged here, and we take it as having been abandoned. However, for the same reason, on the merits the demands of plaintiffs should have been rejected, as they only prayed for the cancellation of the lien acquired by the inscription of the ordinance and paving certificates in the mortgage records.

Defendant, in reconvention, prayed that plaintiffs be ordered to deliver and relinquish the property in order that same may be seized and sold by the sheriff of Caddo parish, under the lien and privilege he has by virtue of being the holder and owner of the paving certificates and notes representing the lien and privilege created by the recordation of the ordinance of assessment and acceptance of the paving. His lien being a legal and valid lien under the law, and a part of the certificates past-due, he is entitled to this relief and to have the property seized and sold to satisfy his lien and privilege against it.

That the original demands of plaintiffs should be rejected and that the property is subject to seizure and sale under defendant's lien and privilege is conceded in this court by plaintiffs. However, they contend that their former mortgage for $8,000 against this property should be revived and out of the proceeds of the sale they should receive first the $8,000, represented by said mortgage, plus the amount of taxes paid by them, for which they took a subrogation, and that defendant should not be paid his claim until plaintiffs' claims have been satisfied in full. They rely chiefly on the cases of Millaudon v. Allard, 2 La. 547; Chaffe & Brother v. Morgan, 30 La. Ann. 1307; Pugh v. Sample, 123 La. 791, 49 So. 526, 529, 39 L. R. A. (N. S.) 834, and cases cited thereunder. These cases are clearly authority for the contention of plaintiffs. For when the property is sold under seizure to satisfy the lien and privilege of plaintiffs, it necessarily evicts them and sets aside the sale from Murray to them; and the setting aside, for any cause, of the sale of an immovable, made by a debtor to his creditor, who had a mortgage on the immovable, will not impair any legal rights on the property which the creditor had by virtue of his mortgage. Chaffe v. Morgan, supra. And in Pugh v. Sample, supra, the court said:

"And in the cases of Spencer v. Goodman & Bradfield, 33 La. Ann. 909, Dawson v. Thorpe, 39 La. Ann. 366, 1 So. 686, Gates v. Gaither, 46 La. Ann. 289, 15 So. 50, Harrison v. Ottman, 111 La. 740, 35 So. 844. And so, in the instant case, if the defendant did not, by virtue of the conveyance to him, get a perfect, unincumbered title to the property in question, his mortgage was not destroyed by confusion.

"If he did get such a title, then the property is not incumbered by the judicial mortgage set up by plaintiffs."

And in the very late case of Third District Building Association v. Forschler, 174 La.

828, 141 So. 849, the court cited and approved the above cases.

■ In the case at bar plaintiffs did not get a perfect unincumbered title to the property from Murray and, therefore, their mortgage was not extinguished by confusion, but was only suspended during the time they were undisturbed as owners. Since we find defendant has the right to evict them by a sale of said property to satisfy his lien and privilege, it necessarily follows that the mortgage of plaintiffs for $8,000, and interest, is revived and outranks the lien and privilege held by defendant, and out of the proceeds of the sale of said property, plaintiffs are entitled to be paid by preference and priority over defendant, the amount of their mortgage and interest and the amount of taxes paid by them for Murray.

■■ Defendant in his reconventional demand prayed for judgment against the city of Shreveport for the face value of the certificates and notes purchased by him from the city. He neither alleged nor proved the amount paid for said notes and certificates, neither did he allege that the property against which his lien was effective was of insufficient value to pay both his lien and privileged claim, and the mortgage held by plaintiffs. The city filed an exception of no cause of action, which was overruled below and reurged here. It was necessary for defendant to prove the price paid for the certificates, and without such proof no moneyed judgment can be rendered against the city. The warrantor is only liable for the restitution of the price, interest, all costs occasioned by the suit, and damages, if any, he has suffered. Revised Civil Code, arts. 2505, 2506, 2507, and cases cited thereunder. The exception was properly overruled.

Article 2517 of the Revised Civil Code reads as follows:

"The purchaser threatened with eviction, who wishes to preserve his right of warranty against his vendor, should notify the latter in time of the interference which he has experienced. This notification is usually given by calling in the vendor to defend the action which has been instituted against the purchaser."

Article 2518 of the Revised Civil Code provides that the warranty is lost in the absence of this notification, or if not made in time, etc.

■ Here we have the purchaser of notes and certificates warranted to be a lien and privilege against certain property, confronted with a suit to have the court declare the lien and privilege null and void, due to negligence on the part of the vendor, the city. For the purchaser to preserve his right of warranty, he was forced to call in his warrantor to defend the action. The fact that he was required to call in the city to defend the suit does not necessarily mean that he is entitled to judgment, in any event, against his warrantor. However, he does preserve his right of action against his warrantor, if necessary to proceed against it in the future. In this case if we should find that defendant is entitled to judgment against his warrantor, there is no evidence of the price paid, and we have nothing on which to base a moneyed judgment. Furthermore, it is not certain that the property in question will not bring enough at sheriff's sale to pay both the claims of plaintiffs and defendant. Under our finding that it was necessary for defendant to call the city in warranty to defend the action in order to preserve his right against it, it becomes unnecessary to discuss the question of when defendant would have the right to seek a moneyed judgment against the city. He is certainly not entitled to it in this suit.

For the reasons above set forth, the demands for a moneyed judgment against the city are dismissed as of nonsuit.

It therefore follows that the judgment of the lower court is reversed, and the demands of plaintiffs are rejected. It is further ordered and decreed that the defendant's lien and privilege against the southwesterly 90 feet of lot 9, block 22, of the John N. Howell subdivision of the city of Shreveport, by virtue of the recordation of the ordinance of acceptance and assessment for the paving of Creswell street in the city of Shreveport, La., and the recordation of the paving certificates issued by John E. Murray against said property, be recognized and are effective against said property, which property is hereby ordered seized and sold to satisfy said lien and privilege in the following amounts: $203.68, due November 1, 1930; $203.68, due November 1, 1931; $203.68, due November 1, 1932; and $203.68, due November 1, 1933, plus interest thereon at the rate of 6 per cent. per annum from November 1, 1929, until paid, less the interest paid, as shown by coupons attached to the certificates; plus 10 per cent. attorney's fees upon both principal and interest; the sale to be for cash to cover all certificates past-due and on terms of credit in accordance with law to cover the certificates not due.

It is further ordered, adjudged, and decreed that the mortgage held by plaintiffs against John E. Murray against this same property, which mortgage was suspended when plaintiffs took deed to the property from Murray, is now revived and is a first mortgage against said property, and out of the proceeds of the sale of said property that said mortgage and interest thereon, plus the amount of taxes paid by plaintiffs, to which they were subrogated, shall be satisfied before anything is paid to defendant in satisfaction of its paving lien.

It is further ordered, adjudged, and de-

creed that the demands of defendant against its warrantor, the city of Shreveport, are rejected as of nonsuit; costs of suit to be paid by plaintiffs.

MILLS, J., recused.