**DIXIE INV. CO., Inc., v. PLAYER et al. (WEILLER, Intervener, etc.). No. 4574.**

Court of Appeal of Louisiana. Second Circuit.
June 30, 1933.

Rehearing Denied July 15, 1933.

L. Percy Garrot, of Shreveport, for appellant Company.

Aubrey M. Pyburn, of Shreveport, for appellant City.

Malcolm W. Feist, of Shreveport, for appellee.

TALIAFERRO, Judge.

Defendant, Samuel Player, owned lot 7 and west five feet of lot 6 of block 9 of the Allendale Heights subdivision of the city of Shreveport. The city, acting under authority of Act No. 187 of 1920, as amended by Act No. 115 of 1922, paved, or caused to be paved, Weinstock street, on which said lots front. An ordinance accepting said paving, fixing the amount due by each abutting property owner, and making assessments therefor, was duly adopted by the commission council on September 25, 1928, which was filed and recorded in the mortgage records of Caddo parish on October 8, 1928. Paving lien certificates due annually over a period of four years, evidencing the amount due each year by each property owner, with description of property therein, were issued by the city, to which were attached the promissory notes of the owners for amounts and with maturities corresponding with the certificates, as authorized by said laws. The certificates and the notes bear 6 per cent. interest from date, and the notes stipulate for payment of 10 per cent. attorney's fees in event they are placed in the hands of an attorney for collection after maturity. These notes and paving lien certificates were made payable to the city of Shreveport, and by it indorsed "without recourse."

Plaintiff, Dixie Investment Company, Incorporated, acquired from the city the paving certificates against the property of defendant and his attached notes, maturing October 5, 1929 to 1932, inclusive, amounting to $242.35.

On July 27, 1925, defendant executed and signed a promissory note to his own order

and by him indorsed for $2,700, due six months after date, and secured payment of same by executing a special mortgage on said property. This mortgage was duly recorded the day it was executed, which was long before the paving was laid on Weinstock street.

Defendant defaulted in paying the paving notes, and after those maturing in 1929, 1930, and 1931 had matured, foreclosure proceedings via ordinaria were instituted by plaintiff thereon, and on the note maturing in 1932, not then due. The case was proved up on default of defendant to appear or answer, and personal judgment rendered against him for the principal of the notes sued on, with 6 per cent. per annum interest from October 5, 1928, and 10 per cent. attorney's fees, less certain payments on interest account named in the judgment. The lien and privilege securing payment of said paving certificates and notes were recognized on the described property, which was ordered seized and sold to satisfy the judgment; plaintiff to be paid by preference and priority from proceeds of sale, over all other persons whomsoever.

Execution issued on this judgment; the property was seized by the sheriff and advertised for sale.

Felix Weiller, who had acquired the $2,700 mortgage note of Player, referred to above, intervened and asserted that this mortgage debt against defendant's property was superior in rank and primed the paving lien and privilege securing payment of plaintiff's debt, reduced to judgment, for the reason that the ordinance of the commission council of the city of Shreveport, accepting the paving in front of said property, fixing amount due therefor, and making assessment thereof, was not filed and recorded in the mortgage records of Caddo parish within ten days as required by law (Act No. 187 of 1920). The sheriff was ordered by the court to hold in his hands, subject to further court orders, the proceeds of the sale of said property. It brought $495 at the sale.

Plaintiff, for lack of information, denied practically all of the allegations of the petition of third opponent relative to the mortgage sued on and its superior rank to the paving certificates and notes. The city was called in warranty. The following articles quoted from plaintiff's answer to the intervention disclose its position and the basis relied on to have judgment against the city, in event intervenor should succeed, viz.:

"14. That the said City of Shreveport, through the Commission Council, and the Mayor of said City, who was then L. E. Thomas, issued, sold, and transferred the notes and paving certificates forming the basis of this suit to plaintiff."

"15. That the said City, by virtue of said sale and transfer, warranted the said notes and certificates were good and valid; that the instruments signed by Samuel Player, and the amount of said notes, and the claim of plaintiff were secured by a lien and privilege covering and affecting the property described in plaintiff's petition; that the said City warranted that all of the requirements of law relative to paving had been strictly complied with; and that the said City warranted, bound, and obligated itself to pay to plaintiff the amount of said notes, or paving certificates in the event that either of them proved to be invalid or defective in any particular.

"16. That whether said paving certificates and notes are negotiable or not, the City of Shreveport, at the time of their transfer, warranted that said instruments were genuine, and were in all respects what they purported to be; that it had a good title to said instruments; that it had no knowledge of any fact which would impair the validity of the instruments, or render them valueless; that the said instruments, at the time of their transfer, were valid and subsisting; and that the said instruments would be paid according to their tenor."

Plaintiff, in effect, further avers and says that should the court find and hold that its paving certificates are not secured by first lien on said property, but inferior in rank to intervener's mortgage, and should the property when sold at sheriff's sale fail to bring enough to discharge both the lien and mortgage, " * * * then the City of Shreveport is liable to plaintiff for the full amount of its claim, by virtue of its agreement and obligation to pay to plaintiff the amount of said claim, interest, attorney's fees, and costs, or is liable under its warranty to pay said claim, and that if it is not liable on these grounds, *that then it is liable to it for the full amount of said claim for having damaged it to this extent through its failure to comply with all requirements of law, relative to paving and the issuance of paving certificates and notes.*"

Plaintiff prays that the intervention and third opposition be dismissed, but should this not be done, and intervener should succeed, in that event, in the alternative, it prays that it have judgment on its call in warranty against the city for the principal of its debt, interest, and attorney's fees, and for all losses and damages that it may sustain, as a result of the failure of its lien and privilege to prime intervener's mortgage.

The city, in its answer to the intervention and call in warranty, denied all the allegations of fact and conclusions of law set up as a predicate on which plaintiff seeks to hold it liable as warrantor on the certificates and notes sold to plaintiff by it. It prayed that the call in warranty be dismissed.

The case was tried on a stipulation of facts agreed to by all parties, save defendant Player, who made no appearance whatever dur-

ing the progress of the suit and filed no plea or answer. All of the facts germane to the issues were admitted. There was judgment in the lower court as follows:

(1) In favor of Felix Weiller, intervener, and against Samuel Player, for $819.35, with 8 per cent. per annum interest thereon from March 20, 1929, until paid, and 10 per cent. additional on said amount, principal and interest, as attorney's fees, subject to certain credits shown in the petition of intervention, with recognition of intervener's and third opponent's mortgage to secure payment of the judgment upon the property described in said mortgage.

(2) Recognizing the mortgage of intervener and third opponent as being superior to and as priming the paving certificates held by plaintiff, and as priming and being superior in rank to the paving lien asserted by said plaintiff.

(3) That intervener and third opponent be paid by privilege, preference, and priority over all other persons and claims whatever, including that of plaintiff, the proceeds of sale of said property in hands of the sheriff of Caddo parish.

(4) In favor of Dixie Investment Company, Incorporated, and against city of Shreveport on the call in warranty in the full sum of $242.35, with interest, attorney's fees, and costs, subject to credits, being the same amount for which plaintiff obtained judgment against Samuel Player, herein, reserving to plaintiff its rights, if any, against the city of Shreveport by reason of any loss or damage sustained by it because of the claim of intervener and third opponent.

(5) As between intervener and plaintiff, plaintiff was cast for costs of intervention and third opposition; but plaintiff was given judgment over and in its favor against the city of Shreveport for said costs.

The Dixie Investment Company, Incorporated, and the city of Shreveport appealed.

In this court the city of Shreveport filed an exception of no cause and of no right of action against the call in warranty made on it.

### Opinion.

■ So far as the contest between Dixie Investment Company, Incorporated, holder of the paving lien certificates, and Felix Weiller, intervener, is concerned, the law is now well settled. Intervener's mortgage was duly registered before the paving certificates issued. For the lien securing these certificates to have superseded and supplanted the rank of the previously existing mortgage, the ordinance of the city accepting the paving, fixing the amount due by the abutting properties, and making the assessment against same, must have been recorded in the mortgage records of Caddo parish within ten days, as provided by section 4 of Act No. 187 of 1920. This

was not done. The ordinance was filed and recorded the thirteenth day after its adoption. Its tardy registry did not affect the status of mortgages and liens of record prior to that date. It only operated prospectively. State ex rel. Wheless v. City of Shreveport (La. App.) 142 So. 641; Walker v. George et al. (La. App.) 146 So. 347; City of Shreveport v. Urban Land Co. (La. App.) 146 So. 894.

Intervener's mortgage is superior in rank to the paving lien certificates held by plaintiff.

The exception of no right and no cause of action filed by the city is based upon two questions arising from the record:

1. That as plaintiff secured a personal judgment against Samuel Player, maker of the notes attached to the paving certificates, the city cannot be called in warranty and held to defend plaintiff from intervener's attack, unless and until every effort to collect the judgment from Player has been exhausted, and return nulla bona has been made on a writ of fieri facias; and

2. That there is no proof in the record to show the amount paid by plaintiff for said paving certificates.

Warrantor contends that the measure of damages or liability of the city on its implied warranty obligation is to restore only the price paid by plaintiff for the certificates.

■ The lien and privilege, the accessory rights, that followed acquisition of the paving certificates into plaintiff's possession, are worthless now. The property affected has been sold at sheriff's sale and did not bring enough to satisfy intervener's mortgage. Plaintiff must look to the city and Player for collection of the amount due him. The city's contention is that no demand for reimbursement may be made against it until it is known that Player is execution proof. The right to call one in warranty does not necessarily imply that in such a case the warrantee has the companion right then to recover a moneyed judgment under the obligation of warranty. It is the purchaser's duty, when his title is attacked, or the legal rank and status of other property acquired by him from the warrantor is assailed, to notify the warrantor thereof by service of appropriate process on him, if he (the warrantee) would preserve for himself his rights against the warrantor. This is expressly required by article 2517 of the Civil Code:

"Eviction threatened—Notice to seller.—The purchaser threatened with eviction, who wishes to preserve his right of warranty against his vendor, should notify the latter in time of the interference which he has experienced.

"This notification is usually given by calling in the vendor to defend the action which has been instituted against the purchaser."

If this is not done the warranty is lost, provided the vendor (warrantor) shall show that he possessed proofs which would have occasioned rejection of the demand, which were not employed in defense thereto. Civil Code, art. 2518.

■ The defect in the security of the paving certificates had not been established when plaintiff elected to avail itself of the right to sue Player personally on his notes evidencing balance due for the paving in front of his property. These obligations admitted of both a personal and in rem action. City Sav. Bank & Trust Co. v. Wilkinson, 165 La. 386, 115 So. 629.

■ It was not until judgment had been obtained against Player and execution thereon sought that the superior rank of plaintiff's lien and privilege was challenged. The extent of the loss from possible eviction to which plaintiff was exposed could only be determined after trial of the third opposition, and a sale of the incumbered property. Sale of the property has been had, and no part of the proceeds goes to plaintiff. Its recourse now is limited to its personal action, reduced to judgment, against the maker of the notes, and to its action against the city on account of its warranty obligations. Having elected to proceed against Player personally, and now having a judgment against him, we think plaintiff should be required to exhaust every means to collect on that judgment before involving the city in litigation as warrantor.

■ Ordinarily, the holder of negotiable paper is required to proceed first against the maker thereof before calling upon any one bound thereon or therefor in another capacity. But the right to have the sale of a thing (whether of notes or other kind of property) rescinded and the purchase price restored, when eviction from less than the whole of the thing has happened, is clearly recognized by article 2511 of the Civil Code, which reads:

"Partial eviction—Buyer's right to have sale canceled.—If the buyer be evicted from a part only of the thing sold, and it be of such consequence relatively to the whole, that the buyer would not have purchased it without the part from which he is evicted, he may have the sale canceled."

In such event a direct action to rescind, if the object of the sale be evidence of debt, such as notes, bonds, etc., may be instituted against the warrantor without regard to the original primary obligors thereon.

■ On the question of the measure of the city's liability as warrantor on paving certificates under its qualified endorsement, we held in the Wheless Case, supra, that the face amount of the certificates, interest, and attorney's fees, as provided by the law and the certificates, was such measure. The Supreme Court found no fault with this holding, as it declined to review the judgment in that case. The writer of this opinion is not now prepared to recede from the Wheless Case on this point, though there is division in this court as presently constituted, on the question. This question is discussed to some extent in the case of Cook v. Lemoine (La. App.) 149 So. 263, this day decided.

In view of the exceptional features of this litigation, as presented by the record before us, and for the reasons above given, we have decided the better course to adopt, with regard to plaintiff's attempt to secure a moneyed judgment against the city, is to dismiss that part of its demand as in case of nonsuit.

For the reasons herein assigned, the judgment appealed from is amended by rejecting plaintiff's demand for moneyed judgment against the city of Shreveport as of nonsuit; costs incurred by the call in warranty are assessed against plaintiff, the city being relieved from payment of any costs herein; and as amended, the judgment appealed from is affirmed.

DREW, Judge.

I agree with the decision in all respects except wherein it affirms the ruling in the case of State ex rel. Wheless v. City of Shreveport. I agree in the decree of the court.