AYRES, Judge.
This suit was instituted by the plaintiffs, nine property owners in the 3200 block of Nelson Street in the City of Alex *585 andria, against the City and the Clerk of Court as ex-officio recorder for the purpose of having decreed illegal, null and void a local assessment ordinance and having erased from the records assessments against plaintiffs made pursuant to said ordinance. From a judgment in plaintiffs’ favor, the defendants appealed.
Plaintiffs’ property, abutting Nelson Street in the City of Alexandria, is located between Maryland Avenue and Texas Avenue. As such owners, they petitioned the city council in December, 1951, to have that part of the Street paved with concrete, together with the necessary curbs, gutters and drainage structures. The petition was approved by the city council March 2, 1953, plans were drawn by the city engineer, advertisements for bids were published, and the contract for the construction was awarded Lamkin Brothers Construction Company April 27, 1953. The work was reported by the city engineer as completed September 23, 1953, and the city council accepted it October 5, 1953, at which time local assessment Ordinance No. 594 was adopted, assessing the expense of the improvements against plaintiffs at a cost of $6.63 per front foot. Plaintiffs were notified of their assessments and they either paid same in cash or made a cash payment and executed paving notes for the balance.
Subsequent to the petition presented to the city council by plaintiffs, the property owners on Maryland Avenue presented a similar petition requesting the paving of that street from Jackson Street to Marye Street. This petition and the proceedings thereunder took a similar course as that of the Nelson Street petition culminating in an award and the execution of a contract for the construction of said improvements likewise to Lamkin Brothers Construction Company. The city engineer reported October 15, 1953, that the contract had been completed, which was followed by the preparation of an assessment ordinance assessing the property owners on Maryland Avenue for said paving at a cost of $9.85 per front foot. Before action was taken on the proposed ordinance, the property owners on Maryland Avenue protested the proposed assessments on the ground that said ordinance included an item for drainage structures on Nelson Street. Assessment Ordinance No. 597 was then prepared and adopted November 23, 1953, assessing the ' owners on Maryland Avenue for the cost of the paving on their street at the rate of $8.96 per front foot. The sum of $2,456 was deducted from the total cost of that project as reported by the city engineer, which he advised was the amount of cost for the drainage structures included in the specifications and contract on the Maryland Avenue project but which were laid alongside the paving on Nelson Street. The council, therefore, on December 7, 1953, adopted a supplemental assessment ordinance, No. 599, increasing the original assessments on Nelson Street by the aforesaid sum of $2,456, or $3.07 per front foot. This controversial item consists of the expense of laying a 24 inch concrete pipe from Maryland Avenue along the 3200 block of Nelson Street to Texas Avenue as a sub-drainage structure for connection with the sub-drainage system along Texas Avenue.
The Nelson Street project was first paved. The plans and specifications for that project did not include these sub-drainage' structures. The provisions for surface drainage, according to the testimony, was sufficient for the purpose of Nelson Street. The contract likewise did not include these sub-drainage structures.
In answer to an inquiry made by the city engineer, Lamkin Brothers Construction Company proposed to do this work on Nelson Street, which was explained to cover the drainage structures, for the price of $2,817.50. However, the installation was done under and pursuant to the Maryland Avenue contract and not under the Nelson Street contract. That proposal was not based or fixed through competitive bidding and the basis for the determination of the amount of $2,456 is not shown as having resulted from competitive bidding.
Plaintiffs contend that the action of the city council in re-assessing them for the sum of $2,456 was illegal and contrary to *586 law. The City contends that the drainage structures along Nelson Street should be charged to the property owners on that street, according to the usual custom and procedure of charging cost of drainage to the property owners on the street where same was laid and because of the benefit to the property owners on that street resulting from the installation of said drainage, nowithstanding the showing made that Nelson Street was sufficiently drained by surface structures. The engineer testified that the sub-surface drainage structures installed along Nelson Street did not only serve said street but other streets in that area and a total area of 19 acres.
This work was done under the statute authorizing the paving of streets, LSA-R. S. 33:3351 et seq., which provides that upon the petition of owners of more than 50 percent of the lineal front footage of the property abutting on any street or alley, the city might pass an ordinance to authorize the work to be done, the drawing of the plans and specifications, the advertisement for bids, and the acceptance of a bid and the awarding of a contract. It is further provided that after the final and satisfactory completion of the work, the city has the authority to accept the same and assess the abutting property owners with the cost.
In City of Natchitoches v. Kile, La.App., 54 So.2d 834, 835, the City proceeded to enforce a paving lien and privilege against defendant’s property on Fourth Street in said City, arising from the paving of that street in front of defendant’s property. It was contended that the provisions of the statute there involved, LSA-R.S. 33:3351 et seq., were not observed precedent to having the paving done in front of defendant’s property, in that bids were not asked for by public advertisement, as required by law, and that the contract accordingly was not let to the lowest responsible bidder. In that connection, the court stated:
“The admitted facts simply prove that the work was done pursuant to extension of the former contract by adding thereto that part of Fourth Street in front of defendant’s property. It, therefore, follows that the work was illegally done, and the contract under which the work was done was invalid for the reasons stated.”
The court then further observed:
“Laws that provide for the coming into existence of liens and privileges are strictly construed, and where it is provided that they may arise only after the performance of certain definite acts by a governing authority, strict adherence to such requirements is mandatory as a condition precedent thereto.”
In Robert H. M.arrs’ Political Corporations Under Louisiana Law, Page 444, Section 327, it is stated:
“A city in collecting for paving assessments is confined to the remedies provided by the statute, and abutters cannot be made to pay for paving, laid without the observance of the preliminaries prescribed by law * * * ”.
Cited as authority is the Second Municipalities of New Orleans v. Botts, 8 Rob. 198.
 That the installation of the sub-drainage structure on Nelson Street may benefit that street is unimportant and immaterial to the issues presented here. If the charge for such improvements was to be laid against the property owners of said street, the formalities of the statute should have been followed. Admittedly, the sub-surface drainage structures were neither included in the plans and specifications nor in the advertisement for bids, nor in the bid accepted, nor in the contract entered into thereafter. The formalities of law clearly were not complied with. The fact that this item was included in the Maryland Avenue project, for which competitive bids were asked, does not improve defendant’s situation. The amount of this item, contained in the general proposal and bid, was not so arrived at or determined in a process of competitive bidding. Even so, we fail to understand wherein it might *587 be made a basis for assessment against property on another project on another street. We know of no law, and have not been referred to any, authorizing the transfer of items of expense from one project to another, as would result in this case if defendants’ position were sustained.
For the reasons assigned, the judgment appealed is affirmed; appellants are assessed only with the stenographer’s costs, pursuant to LSA-R.S. 13:4521.
Affirmed.