HOOD, Judge.
Plaintiffs instituted this suit against the City of Pineville and the Clerk of Court of Rapides Parish for judgment decreeing Local Assessment Ordinances 19-A and 19-B of the City of Pineville to be null and void, and ordering that the assessments against plaintiffs’ property under the authority of said ordinances be cancelled and erased from the mortgage records of Rapides Parish. Plaintiffs further seek a judgment decreeing certain notes executed by them in favor of the City of Pineville, under Local Assessment Ordinance 19-A, to be null and void and ordering the City of Pineville to return said notes to plaintiffs.
Defendant, City of Pineville, filed an answer and a reconventional demand, affirmatively alleging the validity of the two local assessment ordinances which plaintiffs attack, and in the alternative demanding judgment against plaintiffs for the amounts of said assessments on a quantum meruit basis.
The trial judge rendered judgment in favor of plaintiffs, granting them the relief which they seek, and defendants have appealed from that judgment.
Plaintiffs are the owners of property abutting a portion of Glen Ellen Street, a residential thoroughfare, in the City of Pineville. Glen Ellen Street runs in an easterly direction from the point where it intersects the north corporate limits of the City of Pineville, a distance of more than 800 feet, to the point where it intersects Shady Avenue. At its intersection with Shady Avenue, Glen Ellen Street then turns sharply to the south and runs in a southerly direction a distance of more that 600 feet to its terminus. The two ordinances which plaintiffs are attacking relate only to the north-south portion of Glen Ellen Street, being the portion which runs south from its intersection with Shady Avenue to its terminus. Plaintiffs own property on both sides of this north-south portion of Glen Ellen Street.
In February, 1956, some of the plaintiffs joined with other property owners in petitioning the Mayor and Board of Aldermen of the City of Pineville to pave the east-west portion of Glen Ellen Street, being that portion of the street which extends from the north corporate limits of the city to its intersection with Shady Avenue. All of the necessary legal requirements, in- *767 eluding the preparation of specifications, advertisement for bids, and the acceptance of the lowest bid were complied with, and on or about April 18, 1956, the City of Pineville entered into a contract with A. L. Farr for the paving of the east-west portion of that street.
While this paving was being done, some of the plaintiffs in this suit prepared and signed a petition, addressed to the Mayor and Board of Aldermen of the City of Pineville, petitioning that body “by proper ordinance and proceedings” to have the north-south portion of Glen Ellen Street also paved. This petition was never formally filed with the city officials of the City of Pineville, but instead it was delivered to Mr. Howard L’Heureux, the City Engineer, who thereupon, on August 4, 1956, issued a “Change Order” to the contractor authorizing him to proceed with the paving of the north-south portion of Glen Ellen Street in addition to the paving provided for in the contract. This change order was “accepted” by the contractor, and was “approved” by the Mayor of the City of Pineville. The Mayor and Board of Aider-men of the City of Pineville, however, did not adopt an ordinance or resolution authorizing the paving of the north-south portion of this street, there was no advertisement for bids, no competitive bids were received, and no formal action was taken by the Mayor and Board of Aldermen awarding a contract to A. L. Farr, or to anyone else, for the paving of this additional portion of Glen Ellen Street.
The contractor proceeded to pave both portions of Glen Ellen Street, that is the east-west portion which was included in the original contract as well as the north-south portion which was described in the “Change Order.” After this work had been completed by the contractor, the City Engineer issued a certificate to that effect, and the Mayor and Board of Aldermen then adopted Local Assessment Ordinance 16-A, which several months later was amended and supplemented by Local Assessment Ordinance 16-B, assessing the costs of paving the east-west portion of Glen Ellen Street to the owners of property abutting that portion of the street. At or about the same time, the Mayor and Board of Aider-men also adopted Local Assessment Ordinance 19-A, which several months later was amended and supplemented by Lo.cal Assessment Ordinance 19-B, assessing the costs of paving the north-south portion of Glen Ellen Street to the owners of property abutting that portion of the street.
The assessments imposed by Ordinances 16-A and 16-B affect only property abutting the east-west portion of Glen Ellen Street, being the portion of the street included in the original paving contract. All of the assessments imposed by those ordinances have been paid or financed, and no issue is raised here as to the validity of those two ordinances.
The assessments imposed by Ordinances 19-A and 19-B, however, relate to property abutting the north-south portion of Glen Ellen Street, being that part of the street which was described in the “Change Order.” Plaintiffs contend that both of these ordinances are null and void, and that they are entitled to have the assessments against plaintiffs’ property under said ordinances cancelled and erased from the mortgage records, because of the failure of the City of Pineville to 'adopt an ordinance or resolution ordering the paving of this portion of Glen Ellen Street, to advertise for and receive bids, and to let a contract to the lowest bidder for that work, all as required by LSA-R.S. 33:3356. The City of Pineville, on the other hand, contends that the original contract was merely extended or enlarged by the “Change Order,” that the additional paving was done at the same unit prices as were specified in the original contract, that the parties contemplated that change orders could be issued during the progress of the work, and accordingly that the work performed pursuant to the change order was done under and in conformity with a duly advertised contract.
The issues presented in this case are similar to those presented in City of Nat- *768 chitoches v. Kile, La.App. 2 Cir., 54 So.2d 834, 835, where a contract was awarded for the paving of a number of streets in the City of Natchitoches. All legal formalities were complied with in connection with the award of that contract. After the work was commenced the city authorized the contractor to pave another street, being the street in front of defendant’s property, under the same contract, and the contractor proceeded to do so. The city did not advertise for or receive competitive bids and a separate contract was not let for this additional paving. In holding that the paving liens resulting from the additional paving were void, the court said:
“The case tenders only a question of law. Act No. 168 of 1926, LSA-R.S. 33:3351, et seq., is the law under which plaintiff acted in the prosecution of the paving program to which referred.
“It is not denied, but on the contrary, admitted, that the provisions of the Act were not observed precedent to having the paving done in front of defendant’s property.
“No bids were asked for by public advertisement as required by the Act, and, of course, the contract was not in that manner, nor could it be, let to the lowest responsible bidder.
“The admitted facts simply prove that the work was done pursuant to extension of the former contract by adding thereto that part of Fourth Street in front of defendant’s property. It, therefore, follows that the work was illegally done, and the contract under which the work was done was invalid for the reasons stated.”
In Thompson v. City of Alexandria, La. App. 2 Cir., 77 So.2d 584, 586, a local assessment ordinance assessing the cost of a subsurface drainage project to abutting property owners was decreed to be void because the legal formalities in executing the contract had not been observed. In that case the court said:
“That the installation of the sub-drainage structure on Nelson Street may benefit .that street is unimportant and immaterial to the issues presented here. If the charge for such improvements was to be laid against the property owners of said street, the formalities of the statute should have been followed. Admittedly, the sub-surface drainage structures were neither included in the plans and specifications nor in the advertisement for bids, nor in the bid accepted, nor in the contract entered into thereafter. The formalities of law clearly were not complied with. The fact that this item was included in the Maryland Avenue project, for which competitive bids were asked, does not improve defendant’s situation. The amount of this item, contained in the general proposal and bid, was not so arrived at or determined in a process of competitive bidding. Even so, we fail to understand wherein it might be made a basis for assessment against property on another project on another street. * * * ”
In the instant case the trial judge, relying on the cases of City of Natchitoches v. Kile and Thompson v. City of Alexandria, supra, held that “there is no actual relation between the assessments under 16-A and 16-B on the one hand, and 19-A and 19-B on the other,” and that since the formalities required by law for the letting of public contracts was not complied with, insofar as the paving of the north-south portion of Glen Ellen Street is concerned, Local Assessment Ordinances 19-A and 19-B are null and void. We think the trial court was correct in decreeing that these two ordinances are null and void, and in ordering that the assessments against plaintiffs’ property imposed by those ordinances be cancelled and erased from the mortgage records of Rapides Parish.
Defendants contend, however, that this case presents a moot issue and the suit should be dismissed,- because plaintiffs *769 have already paid the paving assessments which they are now protesting. The record shows that assessments on seven different tracts of land were imposed by Ordinance 19-A. Four of these assessments have been paid in full, but at least two of the remaining assessments apparently have been only partially paid. In those two instances the owners of the property affected paid portions of the amounts due and they then executed promissory notes in favor of the City of Pineville representing the balance due on the assessments. These notes apparently had not been paid in full at the time of the trial, and under the provisions of LSA-R.S. 33:3359 the amount due on these notes is secured by a lien and privilege on the property assessed. It is apparent from these facts, therefore, that the issue as to the validity of Ordinance 19-A is not moot. The record also shows that no payments at all have been made on the assessments imposed by Ordinance 19-B, so the issue presented here as to the validity of that ordinance also is not moot.
The trial court apparently rejected the reconventional demand of the City of Pineville, since no relief was granted under that alternate demand. In our opinion, the city is not entitled to recover from plaintiffs on a quantum meruit basis, since the assessment ordinances alone do not create any personal liability on the part of the property owners. For that reason we think the trial court properly rejected this recon-ventional demand.
Although Ordinance 19-A is invalid and the assessments which it imposes are null and void, we think the promissory notes which were voluntarily executed by some of the plaintiffs representing a part of the cost of paving the north-south portion of Glen Ellen Street are valid, and that the makers of those notes are personally liable to the holder or holders of said notes for the balance which may be due on them. In Guaranty Mortgage & Securities Co. v. Millsaps, 178 La. 255, 151 So. 197, 199, where the holder of promissory notes given under a valid local assessment ordinance attempted to obtain a personal judgment against the maker, the Supreme Court said:
“As we said above, there is nothing which prevents the owner of property or any other person from assuming personal liability for a local assessment thereon if he choose to do so in order to gain some advantage or for other reasons satisfactory to himself. And it was manifestly advantageous, or at least satisfactory, to this defendant to assume personal liability for an obligation and thereby extending it over nine years rather than have his property seized and sold for the immediate payment of said obligation with ten per cent attorney’s fees added thereto at once.
“Accordingly, we think the defendant is personally liable upon the notes which he signed, and plaintiff was at liberty to proceed either in rem against the property or in personam against the defendant. Kelly v. Mendelsohn, 105 La. 490, 492, 29 So. 894; City Sav. Bank & Trust Co. v. Wilkinson, 165 La. [385] 386, 115 So. 629; Dixie Inv. Co. v. Player (La.App.) 149 So. 269.”
In the instant suit, unlike the circumstances which existed in the Millsaps case, the local assessment ordinance purporting to impose an assessment and lien on plaintiffs’ property is invalid. For that reason the notes executed by plaintiffs are not secured by a lien and privilege as provided in LSA-R.S. 33 :3359, but in our opinion the invalidity of that ordinance does not relieve the makers of the notes from personal liability on those notes. Since the north-south portion of Glen Ellen Street was paved pursuant to a petition filed by plaintiffs, and thereafter some of said plaintiffs voluntarily executed promissory notes obligating themselves to pay a portion of the costs of that paving, we think this promise to pay is binding and enforceable even though the notes are not secured by a paving lien. In our opinion, therefore, the trial judge erred in declaring null and *770 void the promissory notes executed by some of the .plaintiffs pursuant to the provisions of Ordinance 19-A, and in ordering the City of Pineville to return those notes to plaintiffs.
For the reasons herein assigned, therefore, that portion of the judgment of the district court which decrees those certain promissory notes executed by some of the plaintiffs, under the authority of Local Assessment Ordinance No. 19-A, to be illegal, null and void, and ordering the City of Pineville to return said notes to plaintiffs, is reversed. In all other respects the judgment of the trial court is affirmed. The costs of this appeal are assessed to appellants.
Reversed in part; affirmed in part.